## Osgood *versus* Hutchins et a.

Relative words are generally to be referred to the next antecedent where the intent does not appear to the contrary ; but if the subject matter, or the obvious intent of the parties requires a different construction, such reference may be made as will support the validity of the proceedings or carry into effect the intention of the parties.

Where an order of notice, issued by the commissioners of gaol delivery, on

an application by a prisoner to be admitted to take the oath prescribed for poor debtors, was dated on the sixth day of May, and appointed the twenty-second day of May next as the day of hearing, it was held, that, from the nature of the case, it must have been understood that the twenty-second day of the same month was intended, and that the oath was well administered on that day.

The certificate of the commissioners returned to the prison keeper in which it was stated that the attorney of the creditor had been duly notified to attend, is *prima facie*, if not conclusive evidence of the service of the notice.

A mistake in such notice in the description of the action upon which the execution issued will not vitiate the proceedings, that being an immaterial matter, and there being no reason to suppose that the mistake could have misled the creditor.

Osgood
v.
Hutchins et a

DEBT upon bond, the condition of which was that Hutchins and Knight, two of the obligors, prisoners in the gaol at Exeter, at the suit of the plaintiff, should continue true prisoners, within the limits, until lawfully discharged.

The case was submitted upon a statement of facts, from which it appeared, that, on the sixth day of May, A. D. 1833, the said Hutchins and Knight were prisoners, within the limits of said gaol, upon an execution, issued on a judgment recovered by the plaintiff, against them, in an action of *trespass*.

On the said sixth of May the said Hutchins and Knight presented an application, in writing, to the commissioners of gaol delivery, which stated, that they were imprisoned upon an execution, recovered by the plaintiff, in a *plea of the case*, and prayed to be admitted to take the oath, prescribed by the statute, for the relief of poor debtors, and to be discharged from said imprisonment.

Upon this application the commissioners made an order, " that the application and petition aforesaid, be taken into consideration, at the gaol house in said Exeter, on Wednesday, *the twenty-second day of May next*, at four o'clock in the afternoon, and that said Hutchins and Knight cause the said Osgood or his attorney, to be served with a copy of the petition and order, at least fifteen

days before said twenty-second day of May, so that the said Osgood, or his attorney, may attend," &c.

There was, upon the order, a return of Samuel Kimball, dated, May seventh, A. D. 1833, that he had notified John Porter, the attorney of Osgood, by giving him a true copy of the petition and order, but it did not appear from the statement, that Kimball was an officer, or that he made oath, before the commissioners, to the truth of the return.

On the twenty-second day of May, 1833, the commissioners admitted Hutchins and Knight to the poor debtor's oath, and made a certificate, in the form prescribed by the statute, setting forth, among other things, that John Porter, Esq. attorney to said Osgood, having been duly notified, neglected to attend.

Immediately after this, said Hutchins and Knight went at large without the limits, whereby the bond became forfeited, unless the petition and proceedings aforesaid furnished a sufficient justification.

*Porter*, for the plaintiff, contended,—

1. That there was no evidence that legal notice was given either to the creditor or his attorney.

The return is signed, " Samuel Kimball," but it does not appear that Kimball was an officer of the law, nor is it verified by oath.

It was competent for any individual to serve such notice, but he should be under oath—either an oath of office or an oath to the truth of the return.

As there was no appearance by the plaintiff, he has done nothing to admit notice.

2. The notice describes the execution as having issued in *a plea of the case*, whereas in fact the action was *trespass*.

It may not have been necessary for the party to describe the nature of the action, but having done it, he is bound by his description. The description is neither foreign or immaterial, and cannot therefore be rejected.

There must be such notice as the statute requires.

Actual notice is not sufficient. 4 N. H. Reports, 79.

3. The notice is dated, May sixth, 1833, and the time for taking the oath is the twenty-second day of May then *next.* This means the twenty-second day of *May*, 1834.

This is not a case of defective notice merely, such as should put the party upon enquiry, as was the case—Coleman's Cases, 93.

Nor a case where the day of the week and month disagreed, as in 3 Caine, 86, *Wolfe* v. *Horton.*

Nor is it a case of mistake apparent on the face of the notice, as in 7 D. & E. 63, *Doe* v. *Kightley.*

The notice is well enough, on the face of it, in this particular, and the only question is, what time is there designated.

Upon any ordinary construction of the language, the word "next" refers to the month. 2 John's. Rep. 190. The oath, therefore, was administered long before the time appointed, and the proceedings cannot justify the debtors in going at large.

*I. Bartlett* and *Betton*, for the defendants, argued that the certificate of the commissioners was conclusive evidence, that the creditor had been duly notified. 3 Pick. Rep. 404, *Haskell* v. *Haven.*

That the statute did not require the nature of the action to be stated in the notice, and there could have been no mistake, the plaintiff having no other execution against the debtors—

And that, as the reason of the thing showed that the twenty-second of the same month was intended for the day of hearing, such construction should be given to the terms of the order of notice. 3 Dane's Abr. 575 ; 5 Com. Dig. 263, A. 18—21—3.

The opinion of the court was delivered by

Parker, J. The defendants contend that they are not liable in this action, because there has been no breach of the condition of the bond upon which the action is

founded, and they rely upon the statute for the ease and relief of poor debtors, and the proceedings which have been had under that statute, to make out their defence.

The debtors, Hutchins and Knight, having been duly committed to prison, and having after the execution of this bond, gone at large, without the limits, the plaintiff will be entitled to recover, in this case, unless those proceedings have been in due form, and unless the oath prescribed by the statute, was duly and properly administered to the said Hutchins and Knight, on the 22d day of May, 1833.

The statute provides, that any person committed upon execution, may make application, as therein directed, and pray to be admitted to the oath there prescribed, and that " either of the justices or commissioners to whom application shall be so made, may make an order on such application, appointing a time and place, when and where said application will be taken into consideration ; and the debtor shall cause the creditor, or his attorney, to be served with a copy of such application, and order of notice thereon, at least fifteen days before the day appointed for such hearing."

There is a further provision, that if one of the justices, or commissioners, to whom application is made, is necessarily absent, the justices or commissioners attending, " on receiving satisfactory evidence that due notice has been given to the creditor," may postpone the hearing.

And it is enacted, that in case the justices or commissioners shall administer the oath to the debtor, they shall make a certificate of the oath, in the form prescribed in the act, in which it is to be certified, that the debtor, (or his attorney) having been duly notified, did, (or did not) attend, &c.

The plaintiff's counsel has urged three objections to the proceedings relied upon, to sustain this defence.

It is contended that there is no sufficient evidence in the case that any notice whatever, was served upon the plaintiff, or his attorney.

There is upon the order of notice, a return, signed by Samuel Kimball, that on the 7th day of May, 1833, he notified the attorney of the plaintiff, by giving him a true copy of the petition and order.

Osgood
v.
Hutchins et a

It does not appear that Kimball was an officer duly qualified to serve and return process ; nor is there any certificate before us, showing that he made oath to the truth of that return. It is not requisite that such notice should be served by an officer ; but if served by any other individual, it is undoubtedly proper that an affidavit of that fact should be made, and if this return was all the evidence furnished by the statement, we should hold the mere certificate of the individual, until verified by oath, to be insufficient.

But the statute evidently contemplates, that evidence upon this point should be furnished to the commissioners, and that they should judge respecting it.

If one of the commissioners is necessarily prevented from attending at the time and place appointed, those attending, on receiving satisfactory evidence that due notice has been given to the creditor, may postpone the hearing, &c.

Here the commissioner, or commissioners present, in case all do not attend, are to receive evidence that notice has been given, and to judge upon that subject.

It is not stated what evidence is to be " satisfactory," but undoubtedly the proper evidence, is the return of a sworn officer, or the oath of some individual to the fact.

By the statute, also, where the party is admitted to the oath, the commissioners, in the certificate which they return to the sheriff, or prison-keeper, are to certify the fact that the creditor, or his attorney, has been duly notified.

Of course, they are to receive evidence of this fact, and to pass a judgment upon that evidence. It appears that they have found and certified that fact in this case.

The particular evidence upon which they found it, further than the return of Kimball, does not appear in the case. For ought which appears, Kimball was sworn before them to the truth of the return, although no certificate was made of the oath.

We are certainly not to presume, without proof, that the commissioners have made their certificate upon insufficient evidence—and the statute, in requiring them to make such certificate, must have intended that it should have some force and effect, as evidence of the fact.

In *Haskell* v. *Haven*, 3 Pick. 406, it is held, that such certificate must be conclusive evidence of the fact, it being by the statute of Massachusetts, the special duty of the magistrates to examine the return—and where it is made their duty to certify the fact, as in this case, and where it is of course their duty first to investigate the subject, it would seem that it should be equally conclusive.

It is not necessary, however, in this case, to decide whether such certificate is here to be deemed conclusive evidence.

If it is held to be *prima facie* evidence, and there can be no doubt that the legislature must at least have intended to give it effect thus far, there is nothing in the case to counteract or control it—the evidence of the return is consistent with it as far as it goes—and the plaintiff, therefore, has failed of supporting this objection.

Another objection is, that the application sets forth, that said Hutchins and Knight, were imprisoned on an execution which issued in a plea of the case, when in fact the execution in favor of the plaintiff, upon which they stood committed, was issued upon a judgment obtained in an action of trespass.

It is a sufficient answer to this objection, that it was not necessary to state the nature of the action in which the judgment was recovered—and that, although it was stated in this case in the application, and a copy of the ap-

plication as well as of the order made a part of the notice served upon the creditor's attorney—there is nothing to suggest a supposition, that the creditor or his attorney could have been misled by the erroneous statement of the form of action.

In an action to charge one as a dormant partner, notice was given him to produce at the trial, the original contract of copartnership, a copy of which purported to be annexed to the notice. The paper annexed differed materially in one particular from the original contract, but the notice was held sufficient to let the plaintiff into parol evidence of such contract, it not being suggested that there was more than one contract of like kind, or that the defendant was surprised. 5 Pick. 18, *Bogart* v. *Brown*.

So here, the notice which was served indicated with certainty that Hutchins and Knight were in prison upon an execution of the plaintiff, and had applied to be released from that imprisonment &c. and as there is no pretence that there was but one such execution, there could be no misapprehension about it.

The notice was substantially good without this statement, and the mistake being in a particular wholly unessential, and one by which the plaintiff could sustain no injury, this objection must be overruled.

The remaining objection is, that the oath was in fact administered before the day appointed for the hearing.

The application was presented on the sixth of May, A. D. 1833, and the order, made upon it the same day, appointed "Wednesday the twenty-second day of May next" as the time when it would be taken into consideration.

If, as the plaintiff's counsel contends, the twenty-second day of May, 1834, is the day thereby appointed, all the subsequent proceedings of the commissioners were nugatory and void—and the oath administered by them on the twenty-second of the same May, and their certifi-

cate upon it, would furnish no authority to the debtors to pass beyond the limits.

The question then is, what day was appointed by this order—in other words, is the word "*next*" in the sentence, to be referred to the month or the day as its antecedent.

The decisions upon this question have not been uniform. "Relative words generally are referred to the next antecedent, where the intent upon the whole deed does not appear to the contrary." Com. Dig. Parols, A, 14.

"But where the intent appears otherwise, the reference shall be to support the intent."

"So if an obligation the 23 April, be to pay 24 April *next*, it shall be referred to the month, or to the day, as the intent is found to be." Ditto, A, 15.

In *Prescott* v. ——, Cro. Jac. 646, which was debt upon an obligation, dated the first of May, conditioned to pay a sum of money on the fifteenth day of May "next ensuing," the question was, whether it should have relation to the month of May next following, and so a year after, or to the same month wherein the bond was made; and the court were of opinion that it should be referred to the 15th day of the same month.

In *Buckley* v. *Guildbank*, Cro. Jac. 678, a special verdict found an agreement made on the 23 *May* to lend money for a year at legal interest, and the lender took a bond of that date for payment of principal and interest "24 *May next ensuing*," and that the scrivener, who drew the obligation, "*by mistaking the said agreement betwixt them, drew it in this manner.*"

The questions were, whether the "24th of May next ensuing" should be intended May the twelvemonth after, or the same month of May?—and then "if usurious or no?"

"Doderidge & Houghton held, that next ensuing shall be intended of the same month of May, which was the next day after, unless the circumstances of the agreement

had been found, that the agreement was to lend it for a year, and to make payment thereof at the year's end, then these words, doubtful to which they should be referred, may be intended and extended to be to May twelvemonth following, and the doubts of the usury taken away." But generally "24 May next following" shall be intended to be 24 of May of the same month."

"But Lea, Ch. J. held, that next following shall not be referred to *May* next, unless some matter in the same deed might be shown, and not a collateral agreement found by the jury, nor any collateral deed."

Where an obligation was made the 17th day of *November*, and the condition was to pay five pounds the 21st of *November* following, and five pounds the 20th of December next after, it was holden that the first five pounds ought to be paid the 21st day of *November* next ensuing, and that it referred to the day, and not to the month.

"But it hath been lately adjudged, that a bond dated 12 May, with condition to pay a certain sum on the 13th of May next following, should have relation to the month, and not to the day ; for it is said, the month following, as well as the day following, which the present month cannot be, and therefore the money not payable before the 13th of *May*, come twelvemonth, for these contracts, are to be construed *secundam subjectam materiam*, and the meaning of the parties." *Kettle* v. *Jones ;* 1 Bac. Abr. 669, Conditions, P, 3.

In *Bunn* v. *Thomas*, 2 Johns. Rep. 190, the writ was issued 12th May, 1806, and returnable on the 17th day of May *next*. At February term, 1807, a motion was made to set aside the writ and subsequent proceedings, and it was contended, that as the writ was returnable in May, 1807, it was absolutely void, whereupon the plaintiff's counsel prayed leave to amend. The court said, "as a term and more intervened between the teste and return of the writ, it is a mere nullity."

It seems to have been taken for granted in this last

Osgood<br>v.<br>Hutchins et a.

case that the reference must be construed to be to the month, although it is apparent that the 17th of May, 1807, was not intended, the action having been entered, and the question decided, before that time.

*Tompkins* v. *Corwin*, 9 Cowen, 255, was debt upon a bond for the performance of an award. It appeared that the bond, which was dated the 19th of September, 1825, and conditioned that the award should be made before the 31st of December then next, had been twice altered by consent so as to extend the time allowed for making the award.

The last alteration was actually made the 10th of January, and the time extended to the 18th of January.

It was objected, that by the alteration, the bond became a new one, and that the date of the delivery ought to have been set forth, and so a variance.

Sutherland, J. in delivering the opinion, said the objection was to mere matter of form ; " for admitting the date to have been the 10th of January, it would not change or affect any material allegation in the declaration. The declaration avers that the award, by the terms of the bond, was to be made on or before the 18th day of January next ensuing the date of the bond. It is contended by the defendant's counsel, that if the date of the bond was in January, 1826, then the award was not to be made until January, 1827, whereas by the averment in the declaration it was to be made in January, 1826. *We have repeatedly held*, in similar cases, that the words *next*, or *then next*, may be considered as referring to the day of the month, and not the month itself."

From these cases it appears to be the better opinion, that in a clause like that under consideration, the term " *next*" may be referred to the month, or the day, according as the intention of the parties apparent upon the face of the instrument or the subject matter of the transaction, may require ; and if possible such construction should be given as will effectuate the intention of the parties, or give validity to the proceedings.

It is not necessary here to settle what construction is to be given where there is no particular, apparent upon the face of the instrument or in the nature of the transaction, by which to ascertain the meaning and intention of the parties, or give a construction to an official act, or the act of a single party.

Whether evidence *aliunde* may be admitted to explain the intention according to the opinion of Doderidge and Houghton, or whether a construction must be given upon the instrument itself according to the opinion of Lea, Ch. J. may well be left to be settled when a case shall arise which requires it.

It is not necessary here to go beyond the face of the instrument, and the nature of the transaction, to be well assured that neither the magistrates who issued the notice—the debtors who caused it to be served—the attorney of the creditors upon whom it was served—or the creditor himself, if its contents were communicated to him, could have doubted that the time intended as the day of hearing was the twenty-second day of the same month.

The statute required only fifteen days' notice to be given, and that time intervened between the service of the notice and the 22d of the same month. The service of the notice was on the day immediately following its date; and it would be difficult to conjecture why an application should have been made, and notice issued at that time, and why service should have been made without delay, if it was intended to have a day of hearing one year and sixteen days from the day of the application.

Besides, the time appointed was *Wednesday*, the 22d day of May—which well referred to the 22d of May, 1833, but could not have been intended for the 22d of May, 1834, that day being Thursday.

Under these circumstances there can be no reason why a reference should be made which would vitiate the

proceedings, and as the reference may well be to the day that all the parties must have understood was intended, this objection must be overruled.

*Judgment for the defendants.*