## PECK *vs.* WILSON & a.

One under arrest on execution in favor of A. G. P., applied to the proper authority for his discharge, on taking the poor debtors' oath, but described his creditor as A. P. instead of A. G. P., in which particular the notice followed the application.—*Held,* that if, on an issue framed to try the question, a jury had found that the creditor was known as well by the name of A. P. as that of A. G. P., their verdict would have shewn the notice and certificate to be sufficient.

In such a case the notice was served upon the attorney of A. G. P., who had obtained the judgment and execution.  The judgment was recovered at the October term, 1838, the arrest was made on the 19th of the next December, the application within twelve days after the arrest.  There being no suggestion that there was any other judgment against the same debtor in favor of any other A. P., it was *held,* that the omission of the initial G., in the application and notice, was immaterial, and the discharge granted thereupon valid.

DEBT, on a bond executed by the defendants, with the condition that if said Wilson, a prisoner at the suit of Abel G. Peck, the plaintiff, should, within one year from the date of his arrest, the 19th of December, 1838, apply to the proper authority, and be admitted to take, and actually take the oath prescribed by the laws of this state for the relief of poor debtors, or in default thereof surrender himself up to the creditor in the manner prescribed by the laws of this state, then the obligation was to be void.  The declaration set forth a breach of the condition.

The case was submitted upon a statement of facts.

The plaintiff having recovered a judgment against Wilson, caused him to be arrested on the execution, upon which the defendants gave the bond declared on.

On the 31st of December, 1838, Wilson presented a petition to two justices of the quorum for the county, setting forth that he was a prisoner upon an execution recovered by Abel Peck, of Boston, issued upon a judgment recovered at the October term of the court of common pleas, 1838, and praying to be admitted to take the oath prescribed by law for the relief of poor debtors, and to be discharged from his imprisonment; upon which said justices passed the following order: "Cheshire ss. December 31, 1838. Upon the application and petition aforesaid, it is ordered that the said Norman Wilson give notice to the said Abel Peck to appear at the gaol in said Keene, on the 19th of January next, at ten o'clock in the forenoon, and shew cause, if any he have, why the said Norman Wilson should not, upon taking said oath, be discharged from his said imprisonment, by giving to the said Abel Peck or his attorney, a copy of the said application, with a copy of this order thereon, fifteen days previous to the said nineteenth day of January." Which order was duly served on the attorney in the original suit in favor of the plaintiff, Abel G. Peck, against said Wilson.

On the 19th of January, 1839, the justices passed an order in the usual form, for the discharge of Wilson, which recited that he was a prisoner, in custody, on execution, at the suit of Abel Peck, of Boston, &c., and had taken the oath prescribed by law for the relief of poor debtors, and that the attorney of said Peck had been duly notified, but did not attend.

If, upon the foregoing statement, the opinion of the court should be that the plaintiff is entitled to judgment, the defendants were to be defaulted, otherwise the plaintiff was to become nonsuit.

*Edwards*, for the defendants, cited 3 *Peters' R.* 7, *Keene* vs. *Mead, and cases there cited*; 4 *Johns. R.* 119, *Reid* vs. *Lord*; 5 *Johns. R.* 84, *Franklin* vs. *Talmadge*; 2 *Cowen* 463, *Roosevelt* vs. *Gardinier*; 3 *N. H. Rep.* 61, *Wood* vs. *Fletcher.*

*Chamberlain*, for the plaintiff.

PARKER, C. J.    The case does not find that the plaintiff was known as well by the name of Abel Peck as that of Abel G. Peck, and we cannot assume that as a fact, however probable it may appear.    Upon any evidence tending to show that such was the truth of the case, the jury, if an issue to them had been framed, might have so found, and that would have shown the notice and certificate to be sufficient.    In an indictment for robbery, the property was laid in J. H. It appeared that the prosecutor's name was J. U. H.  ·Held not material, if he was generally known by the name of J. H.    5 *C. & P.* 601, *Rex* vs. *Berriman*.    See, also, 2 *C. & P.* 634, *Rex* vs. *Sheen*, and 15 *Pick. R.* 7, *Cobb* vs. *Lucas.*

But we are of opinion that there is sufficient in the case stated, to entitle the defendants to judgment.    The plaintiff, Abel G. Peck, had recovered a judgment at October term, 1838, against the defendant, Wilson; an execution was issued upon it, and on the 19th of December, 1838, Wilson was arrested, and gave a bond in the ordinary form.    On the 31st of December, 1838, only twelve days after this arrest, Wilson applied to the proper authority to be discharged, but in describing the creditor the initial of his middle name appears to have been omitted, and the notice followed the application in this particular.    This notice was served upon the attorney of the plaintiff, who recovered the judgment. There is no statement or suggestion that there was any other judgment against Wilson, in favor of any other Abel Peck, even if there may be any other individual of that name in Boston.

Under these circumstances, the attorney upon whom the notice was served must necessarily have understood what execution was intended. There was no possibility of mistake in this respect. The omission of the initial letter was then an immaterial matter.

The case is as well made out for the defendants, as if it had appeared that the plaintiff was known as Abel Peck, for that is, upon such a state of the facts, a sufficient description of him. The plaintiff had full opportunity to appear and object. If he had appeared, he could not have pleaded in abatement, on account of misnomer; and where there is no plea in abatement, and no room for misapprehension or mistake, there is no matter of abatement, nor any sound reason for holding the proceedings invalid. 7 *N. H. Rep.* 309, *Souhegan Factory* vs. *McConihe;* 6 *N. H. Rep.* 378–381, *Osgood* vs. *Hutchins;* 24 *Pick. R.* 118, *Conkey* vs. *Kingman;* 10 *N. H. Rep.* 370, 376, *Pierce* vs. *Somersworth.*

*Judgment for the defendants.*