## STEPHEN S. WHITEHURST

*v.*

## HARRISON COLEEN.

1.  SECURITY FOR COSTS—*for what costs he is liable.*  Where a person executes a bond for costs, in behalf of the plaintiff in a cause, in the form prescribed in the statute, it seems he will be liable, not only for the defendant's costs, and such as may accrue to the officers of the court, but for all the costs which may be made in the case, without reference to the person to whom they may accrue.

2.  SAME—*of the mode of collecting the costs from the security.*  Under the twenty-fourth section of the cost act, a fee bill and execution for costs may issue against the security for costs, without a judgment having been rendered against him, where the plaintiff fails to recover.

3.  CONSTITUTIONALITY *of that act.*  Nor is that section of the statute, in that regard, in violation of any provision of the constitution.

4.  RIGHT OF TRIAL BY JURY—*construction of the constitution.*  Under a reasonable construction of those clauses of the constitution which declare that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law," and that "no freeman shall be deprived of his property but by the judgment of his peers," a party shall be entitled to a jury in all cases in which it was authorized at the time of the adoption of the organic law.

5.  The constitution does not give the right of trial by jury to a security for costs who executes a bond therefor in conformity to the cost act, but he may be compelled to pay them, without even a formal judgment against him, in case the plaintiff fails to recover.

APPEAL from the Circuit Court of Sangamon county; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. McCLERNAND & BROADWELL and Messrs. HERNDON & ORENDORFF, for the appellant.

Before process in the nature of *fieri facias* can issue against a security for costs, there must be a judgment of the court to

give it validity, whereas, in this case, it can not be pretended that there is a judgment against appellant. The judgment in such case, is against the plaintiff, for his failure in his action, against the surety for non-compliance with his obligation. *Muldrow* v. *Davis,* 12 S. & M. 655.

The supposed authority for issuing a fee bill and execution against the security, without having first obtained a judgment against him, is found in section twenty-four, chapter twenty-six, entitled " Costs," wherein it is provided, in substance, that the clerk shall make out and tax a fee bill against plaintiff and his surety for costs, etc.

If by this, it was intended to give the clerk authority to render judgment, the statute is void, as he is a ministerial officer only. *Hall* v. *Marks,* 34 Ill. 358.

But if the true meaning of this section is, that the clerk may issue fee bill and execution against security for costs, without a judgment of the court against him, we insist that the statute in this regard is in conflict with sections six and eight, article thirteen, constitution of Illinois, as illustrated by the following, among other cases. *Nesbitt* v. *Trumbo et al.* 39 Ill. 110 ; *Bullock* v. *Geomble,* 45 Ill. 218.

Messrs. Robinson, Knapp & Shutt, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

On the sixteenth of October, 1869, appellant, and one Moore, became security for costs, in a suit then pending in the Sangamon circuit court, in which John and Dora Moore were plaintiffs, and appellee was defendant, by signing a bond, under a rule of court requiring the plaintiffs to give security for costs in the case. The bond was in all respects in conformity to the requirements of the statute, and no exceptions are taken to its sufficiency in that respect. Afterwards, on the seventeenth day of February, 1869, judgment having been previously rendered in the cause, in favor of defendant, for his costs, the clerk

issued a fee bill and execution; the execution following the items of costs is this:

" *The people of the State of Illinois, to sheriff of said county, greeting:* You are therefore commanded, that of the goods and chattels of John Moore and Dora Moore, you cause to be made the sum of $655.85, and if not paid within thirty days after demand, you will levy the same on the goods and chattels, lands and tenements of Stephen S. Whitehurst and Leighton G. Moore, security for costs herein, and proceed in all things as on a writ of *fieri facias.*

" Given under my hand and official seal, this seventeenth day of February, A. D. 1869.

" [SEAL.]                    CHAS. H. LANPHIER, *Clerk."*

At the April term, 1869, appellant moved the court to quash the fee bill and execution, upon the grounds that it was not authorized by law, and was unconstitutional, but the court overruled the motion, to which exceptions were taken, and an appeal was perfected.

It is urged that the fee bill and execution is against appellant and his goods, etc., for all costs in the cause, when the bond only binds him to pay defendant's costs and such as may accrue to the officers of the court. We fail to see any force in this objection. Appellant has failed to point out any costs that did not accrue to the defendant, or to the officers of the court. But even if he had, we are not prepared to hold that the bond is not broad enough to cover all costs, no matter to whom they may have accrued. The first clause of the bond is, that the sureties will pay, or cause to be paid, all costs which may accrue in the action. The last member of the sentence, however, seems to limit the undertaking to the costs that may accrue to the opposite party or to the officers of the court. But the last clause of the second section, under which this bond was executed, is broader, and declares that the plaintiff shall give a bond for all costs that have or may accrue in

the action; and long practice has construed such a bond to embrace all costs that may be made in the case, without reference to the person to whom they may accrue, so they are legally taxable in the case. See *Casey* v. *Horton*, 36 Ill. 237.

It is next urged that a *fi. fa.* can not issue until a judgment shall be rendered against the security. The twenty-fourth section of the cost act has, in terms, authorized the clerk to issue such a fee bill and execution where there is security for costs in a case, when the plaintiff has failed to recover. We are unable to perceive that this fee bill and execution does not, in every respect, conform to the requirement of that section. Being authorized by our statute, the case of *Muldrow* v. *Davis*, 12 S. & M. 655, does not apply as an authority. Were it not for that section, it is perfectly obvious that a judgment on the bond for costs would have to precede the *fieri facias*. It would then be governed by common law principles.

We now come to consider the constitutional question. It is said that this proceeding conflicts with the sixth and eighth sections of the thirteenth article of the constitution of 1848. The first of these sections declares that, " the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy," and the other declares, " that no freeman shall be imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." We might infer that appellant had abandoned this point, as he has failed to point out what portions of these sections are supposed to have been violated in this proceeding, and only refers the court to them, and to two cases in which a different state of facts was presented. But the question having been raised, we shall proceed to dispose of it. By the sixth section, it is not, nor can it be, contended that no judgment at law can be rendered until a verdict has been found by a jury. Those disposed to give the most strict construction, have never been so captious as to insist that such is the true interpretation

of this section. If such were adopted, a judgment by confession, by default, or non suit, could not be entered, nor could a judgment be rendered for costs on the dismissal of a suit, or on a non suit, in case of default, or even a confession of judgment.. A reasonable construction requires us to hold, that the party should be entitled to a jury in all cases in which it was authorized at the time of the adoption of the organic law.

Such a construction as that contended for would render all recognizances void, as there is not, nor can there be, a verdict upon which to base them, and in all the cases to which we have referred, no one has ever imagined that the fundamental law was in the slightest degree infringed.

A party may voluntarily deprive himself of his property, or he may confess a judgment, enter into a recognizance, or give a mortgage, which, when recorded, may be enforced by *scire facias,* and in all these cases he is deprived of his property without a trial by jury. But in the case of the imposition of a tax or assessment, a party is deprived of his property without a trial by jury, whether he pays the money, or his property is distrained and sold. Many other cases might be cited, in which a party is forcibly deprived of his property without the judgment of his peers. Such is the case in all proceedings in chancery. These sections must have a practical interpretation. It would produce injury and great inconvenience, if a jury trial, or the judgment of a man's peers, was required in every case, before his property could be sold under legal process.

In this case, appellant must be presumed to have known the provisions of the law when he signed the bond; and knowing that the twenty-fourth section of the cost act authorized this process to issue, he must be held to have consented that it might; and he is as fully bound by it as is the person who confesses a judgment or enters into a recognizance, bound to submit to the legal proceedings which follow in these cases. Appellant does not deny that he deliberately and voluntarily entered into the obligation, and no reason is perceived, in law,

or in morals, why he should escape the liability thus voluntarily assumed.

If such an obligation would necessarily work wrong or injustice to appellant, then a more rigid construction might be given to these sections; but we do not see that he can be wronged. If the clerk should improperly tax the costs, or attempt to collect from him items he should not pay, or charge items for which he had not rendered the services, then, by replevying the fee bill, the court would strike them out, as in any other case of retaxing costs. We are, for these reasons, of opinion that the judgment should be affirmed.

*Judgment affirmed.*