## William Hennies *et al.*

### *v.*

## The People of the State of Illinois.

1. PLEADING—*in prosecution originating in justice's court.* No formal pleadings are required before a justice of the peace in any case, and consequently none can be required in the circuit court on appeal. Where there is a trial of an appeal in a prosecution for assault and battery, the record need not show a formal plea, as an issue will be presumed to have been joined.

2. APPEAL BOND—*on appeal from conviction for assault and battery.* An appeal bond, given on appeal from a conviction before a justice of the peace for an assault and battery, conditioned to pay whatever judgment may be rendered by the court upon dismissal or trial of the appeal, is a substantial compliance with the statute, and is binding.

3. APPEAL—*statute authorizing judgment against surety in appeal bond on the conviction of the principal, is constitutional.* The statute which

authorizes the circuit court, on the trial of an appeal in a prosecution for assault and battery, and the conviction of the principal, to render judgment for the fine against both the principal and surety in the appeal bond, is not unconstitutional.

WRIT OF ERROR to the Circuit Court of Livingston county.

Mr. CHARLES J. BEATTIE, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a prosecution for an assault and battery, commenced before a justice of the peace, against William Hennies and Annie Hennies. On an appeal taken to the circuit court, a trial was had, and both defendants were again found guilty, a fine assessed against each of them, and judgments separately entered for the amount of such fine against each of the principals and their security on the appeal bond.

The first point made is, that no plea was entered by either of the defendants, either before the justice, or in the circuit court. No formal pleadings are required before a justice of the peace in any case, and consequently none can be required in the circuit court, in a case brought there by appeal.

The issue will be presumed to have been joined, and there was no error in rendering judgment on the verdict.

It is insisted, the court erred in rendering judgment against the security on the appeal bond, jointly with each of the principals. The statute expressly authorizes such a judgment, in case the principal is found guilty. But it is objected, the bond is not in the form required by the 99th sec. of the act of 1845. No form of the bond is prescribed. It is simply provided the bond shall be "conditioned for the payment of whatever judgment the court may render against the defendants." The bond given is the usual form in use for taking appeals from judgments of justices of the peace in ordinary cases, and the condition is, to "pay whatever judgment may

be rendered by the court upon dismissal or trial of said appeal."

Although this bond could have been worded so as to comply more exactly with the statute, yet it must be regarded as a substantial compliance with its provisions. The legal effect of the bond given, is the same as that required by the statute. In either case it is, to pay the judgment that shall be rendered against the principals, by the court, on the trial of the appeal.

It is claimed that the 100th section of the act of 1845, which authorizes the circuit court to render judgment against the surety, as well as against the principal, in case of conviction, is in conflict with sections 2 and 5 of article 2 of the constitution of this State.

There is no difference, in principle, between this case and *Whitehurst* v. *Coleen,* 53 Ill. 247, and the reasoning of that case affords a complete answer to the objection taken. On the authority of that case, we hold there is nothing in the law under which the judgment in this case was rendered that contravenes any of the provisions of the constitution.

No error appearing in the record, the judgment is affirmed.

*Judgment affirmed.*