## WILLIAM RIETZELL

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. SCIRE FACIAS—*performs office of both writ and declaration.* A *scire facias* issued upon a recognizance for the appearance of a defendant to answer to a criminal charge, performs the office of a declaration as well as process, and a default admits the facts alleged in the writ.

2. RECOGNIZANCE—*proceedings upon forfeiture.* Where the law in force at the time a recognizance is entered into provides for issuing a *scire facias*, upon the forfeiture of the recognizance, against the principal and his surety, to show cause why judgment should not be entered, etc., and for rendering a judgment by default upon the return of such *scire facias* that the defendants can not be found, unless they appear and defend, it is proper, when the writ of *scire facias* is returned not found, and the defendants do not appear, to enter a judgment against them for the amount of the recognizance. Such law is not in contravention of the letter or spirit of the constitution.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. R. A. HALBERT, for the plaintiff in error.

Mr. CHARLES P. KNISPEL, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was a proceeding in the circuit court of St. Clair county, by *scire facias* issued upon a recognizance, entered into by William Rietzell, plaintiff in error, for the appearance of one William Hartman, on a charge of larceny. There had been a return of one *nihil* as to the cognizors, and a judgment for default of appearance entered against them. To reverse this judgment Rietzell, the surety, appears and assigns several errors.

The *scire facias* performs the office of a declaration as well as process, and the default admits the facts alleged in the writ. *Garrison* v. *The People*, 21 Ill. 535. It must, therefore, be taken to be true, as alleged in the writ, that plaintiff in error bound himself to appear and answer the charge.

The objection that the *sci. fa.* does not sufficiently show that the recognizance was properly taken, approved and certified to the circuit court, is not tenable, as the writ contains all the necessary averments, and the authority of the justices of the peace can not now be questioned.

The real question in the case is, did the return of *nihil* justify the court in defaulting the plaintiff in error. This must be determined by the statute in force at the time the recognizance was entered into.

By section 9 of the act of March 31, 1869, it is provided, if the person does not appear in accordance with the terms of the recognizance, the courts shall declare such recognizance forfeited, and the clerk of the court shall, thereupon, issue a *scire facias* against such person, and his or her securities, returnable to the first day of the next term of the court, to show cause why judgment should not be entered against such person, and his or her securities, for the amount of the recognizance; which *scire facias* shall be served by the sheriff of the county

where the court is held, upon such person, and his or her securities, by reading the same to the defendants named in such *scire facias,* at least five days before the first day of the term to which the same is returnable; and in case the person aforesaid can not be found by the sheriff, he shall make return of that fact to the court, and the court shall, thereupon, enter judgment by default against the defendants for the amount of the recognizance, unless the defendants shall appear and defend such cause. Sess. Laws 1869, sec. 9, p. 113.

Thus stood the law at the time this recognizance was entered into, and by which the plaintiff in error was informed, if he became surety in a recognizance, judgment might be entered against him without the actual service of process upon him, and to which he assented by executing the recognizance, and herein is no hardship, for ample power is given him by the statute to produce his principal for trial. He is, in law, the jailor of the principal. He is presumed to have known the law, and his rights and duties under it, and has no right to claim immunity. He, by executing the bond, entered into a covenant with the people of the State, if his principal did not appear to answer the charge, he would pay the amount of the bond without further notice, and there is no hardship in it, for he was free to execute the bond or decline. While such a statute must not receive a latitudinous construction, it must receive one that is reasonable and will effectuate its object. A similar provision obtains in cases of appeals from a justice of the peace in judgments for assault and battery. It is provided, if the defendants shall be found guilty in the circuit court, judgment shall be rendered against both principal and security in the appeal bond for the amount of the fine assessed by the jury in that court, and all costs that may have accrued. R. S. 1845, sec. 100. And the same is the law in regard to security for costs. The principles controlling such legislation are fully discussed in *Whitehurst* v. *Coleen,* 53 Ill. 247, and in *Hennies et al.* v. *The People,* 70 Ill. 100, and are not in contravention of the letter or spirit of the constitution.

In this case, the writ of *sci. fa.* was returned "not found," as required by law, upon which necessarily followed the default.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*