JUDGE PRYOR
delivered the opinion op the court.
The bond required to be executed by a party in custody in a case like this contains but one stipulation, that is, “that if judgment shall be rendered in the action against him, he will render himself amenable to the process of the court thereupon The bond before us contains not only this stipulation, but the additional covenant that the party in custody “will perform the judgment of the cou,rt in the action” In order to obtain his release or discharge from custody the appellant has been re *196 quired to execute an obligation unknown to tbe statute, and in direct violation of a statutory provision prohibiting officers of the commonwealth having parties in custody from taking any other character of bond than that required by law.
No sheriff or other officer shall take an obligation from one in custody for on concerning any matter relating to his office, otherwise than such as is specially directed by law. “ Every obligation taken by any such officer, by color of his office, in . any other manner or form shall he void.” (General Statutes, sec. 14, chap. 100, page 782.)
As soon as the judgment was rendered in this case Lindsay . and his sureties became liable upon the covenant for its amount, if it is to be regarded as a statutory bond. They had agreed to perform the judgment.
The statute provides that the party in custody shall stipulate that he will render himself amenable to the process of the court, etc., and to construe the bond in this case as being within the statutory provision would be to disregard its true meaning and spirit. The additional covenant required by the officer can not be regarded as mere surplusage. No such obligation should have been exacted of the party under arrest, as by the express provision of the statute he was entitled to be discharged upon executing the bond provided by law.
In tbe case of the Lexington & Danville Railroad Company v. Barbee, reported in 1 Met. 384, the bond contained the single covenant that the party under arrest would perform the judgment of the court in the action. This court held that such a stipulation was more comprehensive and onerous than that required by the statute, and discharged the obligor from all liability on the bond.
It is now maintained that because the bond in the present case contains the statutory covenant, the additional covenant is a nullity, and that this distinguishes the present case from the case in 1 Metcalfe. We do not recognize the distinction. *197 The bonds are unlike so far as the stipulations are concerned, but the one is as comprehensive as the other, each obligation requiring the party under arrest to do that which by law he was not required to do. The variance is material, both as to form and substance, and the statute expressly providing that every obligation taken by any such officer, by color of his office, in any other manner or form, shall be null and void.
This judgment must be reversed, and the cause is now remanded with directions to the court below to sustain the demurrer to the petition.