(No. 21165.—

GIUSEPPE NASTI *et al.* Appellants, *vs.* THE COUNTY OF COOK *et al.* Appellees.

*Opinion filed April 23, 1932.*

A. J. CALIENDO, and F. M. WILLIAMS, for appellants.

JOHN A. SWANSON, State's Attorney, ALBERT C. DE-
WITT, and LOUIS H. GEIMAN, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Giuseppe Nasti and Rose Nasti, his wife, filed their bill
in the superior court of Cook county against the county
of Cook and the State's attorney and county superintendent
of schools of that county, to set aside a judgment rendered
against them; to declare void and remove as clouds upon
their title to a certain parcel of real estate, a levy, sale and
deed by the sheriff, and to enjoin interference with the com-
plainants' possession of the property. The defendants de-
murred to the bill and the demurrer was sustained. The
complainants elected to abide by their bill, and the court, by
its decree, dismissed the bill for the want of equity. From
that decree the complainants prosecute this appeal.

The allegations of the bill are that the appellants own
and are in possession of a certain parcel of real property
legally described and otherwise known as 1441 Spruce street,
in the city of Chicago; that, prior to May 24, 1926, they,
with four other persons, as sureties, entered into a recogni-
zance to the People of the State of Illinois in the sum of
ten thousand dollars, conditioned for the appearance in the
criminal court of Cook county, of one George Mindeman
against whom an indictment had been returned in that
court; that Mindeman failed to appear when his presence
was required and on May 24, 1926, the criminal court de-
clared the recognizance forfeited; that on June 2, 1926,
the clerk of the court issued a *scire facias* against Mindeman
and his sureties returnable on the first day of the June,
1926, term of the criminal court, which was the seventh

day of that month; that the writ was served upon the appellants on June 5, 1926; that subsequently, on November 5, 1926, judgment was rendered for the amount of the recognizance, and on March 1, 1927, an execution was issued on the judgment; that on April 4, 1928, by virtue of an alias execution issued on March 20, 1928, the sheriff sold the appellants' property at public vendue to Andrew Bender, the agent of Cook county, for $11,241.08, and delivered to him a certificate of sale thereto; that Bender transferred the certificate to the county of Cook and that the sheriff thereafter executed and delivered a deed conveying the property to the county. The concluding allegations of the bill are that the criminal court had no jurisdiction to render the judgment against the appellants; that the judgment is therefore a nullity and the levy, sale and sheriff's deed in consequence are void and constitute clouds upon their title, and that the State's attorney of Cook county threatens to commence an action for the possession of their property and will do so unless he is restrained by an order of the court.

The contention of the appellants is that the *scire facias* was served upon them less than five days before the first day of the term to which the writ was made returnable and that the criminal court, for that reason, had no jurisdiction to render judgment against them. The statute in force at the time the appellants entered into the recognizance and also when the judgment was rendered, provided that when any person accused of a criminal offense gave bail for his appearance and failed to appear in accordance with the terms of the recognizance, the court was required to declare the recognizance forfeited and the clerk to issue a *scire facias* against the person accused and his sureties, returnable on the first day of the next term of the court to show cause why judgment should not be rendered against such person and his sureties for the amount of the recognizance. The statute further provided that the *"scire facias*

shall be served by the sheriff of the county where the court is held, upon such person and his sureties, by reading the same to the defendants named in such *scire facias,* at least five days before the first day of the term to which the same is returnable; and, in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact to the court. The court shall, thereupon, enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause; and if the defendant should appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature, after any such recognizance shall be declared forfeited as aforesaid." * * * Laws of Illinois, 1923, pp. 315, 316; Cahill's Stat. 1927, pp. 944, 945; Smith's Stat. 1927, p. 1009.

An act relating to the forfeiture of recognizances and the proceedings thereon, identical in language with the foregoing statute so far as the issuance and service of a writ of *scire facias* against the person accused and his sureties to show cause why judgment should not be rendered against them are concerned, was construed in *Rietzell* v. *People, 72* Ill. 416. It was there held that when the writ is returned not found and the defendants do not appear, judgment for the amount of the recognizance may properly be entered against them by default. The court said that the surety, by executing the recognizance, pursuant to the statute, covenanted with the people of the State, that if his principal did not appear to answer the charge, he, the surety, would pay the amount of the recognizance without further notice, and hence that judgment might be rendered against him without the actual service of process upon him. The statute followed the English practice. (*Smith* v. *Crane,* 8 Moore, 8; 2 Tidd's Practice, (4th Am. ed. 1856,) *p. 1124). In the present case, the complaint is not that the writ of *scire facias* was not served upon the appellants, but that service was obtained less than five days before the first day

of the term to which the writ was made returnable. Judgment was not rendered, however, during the first, but at a subsequent term; and the criminal court, vested with jurisdiction of the persons of the appellants as well as the subject matter of the cause, entered a valid, and not a void, judgment.

A court of equity will not enjoin a judgment at law on the sole ground that there was no service of process upon the defendant in the suit in which the judgment was rendered. To justify the interposition of a court of equity in such a case the complainant must allege in his bill that he has a valid or meritorious defense to the action in which the judgment was recovered and that a different result ought to be obtained from that adjudged by the court at law. (*Cadillac Automobile Co.* v. *Boynton*, 240 Ill. 171; *Reed* v. *New York Exchange Bank*, 230 id. 50; *Young* v. *Deneen*, 220 id. 350; *Hier* v. *Kaufman*, 134 id. 215; *Colson* v. *Leitch*, 110 id. 504). Such an allegation, essential to equitable relief, is wholly wanting in the present bill of complaint.

The appellants, however, argue that the allegation that they have a valid or meritorious defense to the action at law is unnecessary because they seek not only the setting aside of the judgment, but also the removal of clouds from the title to their real estate. The latter ground, they assert, is within the ordinary jurisdiction of a court of equity and reliance is placed upon *Hutson* v. *Hudelson*, 288 Ill. 454. The sheriff's deed attacked in that case was based upon a void judgment. In the present case the judgment is valid, and no ground for the interposition of a court of equity is alleged.

The decree of the superior court is affirmed.

*Decree affirmed.*