(No. 21284.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CARL E. WASCHER *et al.*—(ROBERT WOODWARD *et al.* Appellants.)

*Opinion filed June 24, 1932.*

FRANK F. TRUNK, for appellants.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, GRENVILLE BEARDSLEY, OTHO S. FASIG, and ALBERT CLINTON DEWITT, of counsel,) for the People.

Mr. COMMISSIONER EDMUNDS reported this opinion:

This was an action by the People of the State of Illinois in the criminal court of Cook county to recover the penalty on a forfeited bail bond. From a judgment for $1500 an appeal was taken to the Appellate Court for the First District. That court affirmed the judgment but granted a certificate of importance, and the cause is here on the appeal of Robert Woodward and Mary L. Woodward.

The issues were tried by the court without a jury upon a stipulation of facts. By this stipulation it was agreed that the Cook county grand jury at the September term, 1926, returned an indictment against Carl Wascher, and that on September 28 Wascher entered into a recognizance with Robert Woodward and Mary L. Woodward as sureties in the sum of $1500, the condition thereof being as follows: "Now the condition of this recognizance is such that if the above bounden Carl E. Wascher shall personally be and appear before the criminal court of Cook county holden in the city of Chicago, in said county, on the 29th day of September, A. D. 1926, and from day to day thereafter until discharged by order of said court, then and there to answer unto the People of the State of Illinois upon said charge of larceny, and shall abide the order of said court and not depart the same without leave, then this recognizance shall be void, otherwise the same shall remain in full force and virtue." It was further stipulated that on September 28 the Woodwards submitted to the court a written schedule of real estate, which schedule the court approved; that on September 27 the Woodwards entered into an agreement with Robert E. Crowe, State's attorney of Cook county, for a consideration, the receipt of which was acknowledged, whereby the Woodwards agreed not to sell, transfer, convey or encumber the real estate scheduled as bail for Wascher during the period for which the recognizance was given; that said agreement was demanded and

required by the court as a condition precedent to the acceptance and approval of the bond and schedule; that on October 25 thereafter Wascher was duly called to answer to the indictment but came not; that the Woodwards were thereafter called to produce the body of Wascher but did not; that default was taken and entered of record against Wascher and the Woodwards and their bond declared forfeited; that on October 25 it was ordered and directed by the court that a writ of *scire facias* issue against Wascher and the Woodwards, returnable to the first day of the next term of the criminal court of Cook county; that the first day of the next term of said court was November 8, 1926, being the November term thereof, and that a writ of *scire facias* issued on December 1, 1926, which recited, in part, as follows: "Now, therefore, we command you that you summon the said Carl E. Wascher, Robert and Mary L. Woodward, if they shall be found in your county, personally to be and appear before our criminal court of Cook county, in the county of Cook and State of Illinois aforesaid, on the first day of the next term thereof to be holden at the criminal court house in the city of Chicago, in said county, on the first Monday of December next, then and there show cause, if any they have or can show, why the forfeiture aforesaid should not be made absolute." Further facts set forth in the stipulation were, that on February 14, 1927, the court entered a judgment for $1500 against Wascher and the Woodwards; that on September 23, 1929, the Woodwards presented to the criminal court a verified petition representing that the *scire facias* issued December 1, 1926, was served only on Mary L. Woodward, and that the return thereon showed service on December 4, less than five days before the first day of the December term; that on October 4, 1929, the court entered an order vacating the forfeiture and order of execution previously entered thereon on February 14, 1927; that on October 9, 1929, an alias writ of *scire facias* issued out of said court against

Wascher and the Woodwards, returnable to the November, 1929, term; that this writ was served on the Woodwards; that on May 9, 1930, the People petitioned the court to vacate that portion of the order of October 4, 1929, purporting to set aside a judgment of forfeiture, and that on August 29, 1930, the court granted the prayer of that petition. The judgment against appellants from which the appeal was taken was entered December 15, 1930.

The *scire facias* here involved was issued under the authority of a statute which at that time provided as follows: "When any person who is accused of any criminal offense shall give bail for his appearance, and such person does not appear in accordance with the terms of the recognizance, the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a *scire facias* against such person and his sureties, returnable on the first day of the next term of the court, to show cause why such judgment should not be rendered against such person and his sureties for the amount of the recognizance, which *scire facias* shall be served by the sheriff of the county where the court is held, upon such person and his sureties, by reading the same to the defendants named in such *scire facias,* at least five days before the first day of the term to which the same is returnable; and, in case the person aforesaid cannot be found by the sheriff, he shall make return of that fact to the court. The court shall, thereupon, enter judgment by default against the defendants for the amount of the recognizance, unless defendants shall appear and defend such cause; and if the defendant should appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature, after any such recognizance shall be declared forfeited as aforesaid." Laws of 1923, p. 315.

Before entering into a consideration of the points made by counsel it is well to have in mind the principle of construction which this court in dealing with a substantially

similar enactment has enunciated. In *Rietzell* v. *People,* 72 Ill. 416, we said: "Thus stood the law at the time this recognizance was entered into, and by which the plaintiff in error was informed, if he became surety in a recognizance, judgment might be entered against him without the actual service of process upon him, and to which he assented by executing the recognizance; and herein is no hardship, for ample power is given him by the statute to produce his principal for trial. He is, in law, the jailor of the principal. He is presumed to have known the law and his rights and duties under it and has no right to claim immunity. He, by executing the bond, entered into a covenant with the people of the State if his principal did not appear to answer the charge he would pay the amount of the bond without further notice; and there is no hardship in it, for he was free to execute the bond or decline. While such a statute must not receive a latitudinous construction, it must receive one that is reasonable and will effectuate its object."

The first contention of appellants is that the writ should have issued out of the same term of court in which the judgment of forfeiture was entered, returnable to the next term, and not having been so issued it is a nullity and all proceedings thereunder are void. It is insisted that the statute must be strictly construed, and that the word "thereupon," as used in the phrase "the clerk of the court shall thereupon issue a *scire facias,*" carries the meaning of "immediately." The judgment of forfeiture being entered October 25, 1926, at the October term, and the writ of *scire facias* not being issued until December 1, 1926, which was at the November term, if the statute is to be construed in accordance with the contention made, the writ was, of course, a nullity. However, we are of the opinion that the contention is without merit. The Supreme Court of the United States recently said: "The word 'thereupon' is construed by appellants as an adverb of time, meaning immediately thereafter. But this is only one of its uses. It is employed more fre-

quently to express the relation of cause or of condition precedent." (*Yuma Water Ass'n* v. *Schlecht,* 262 U. S. 138.) It was obviously employed to express such a relation here. There is no reason for adopting a construction which would lead to the result that where a judgment of forfeiture is entered on the last day of a term, for example, it would be impossible to issue a writ of *scire facias* which could be served in accordance with the further provision of the section requiring service five days prior to the term to which such writ would be returnable.

Appellants contend that the original writ of *scire facias* was a nullity because it was issued December 1, 1926, and was made returnable "on the first Monday of December next," citing *Hochlander* v. *Hochlander,* 73 Ill. 618. In that case the summons was issued May 8, 1872, and was made returnable on the "third Monday of May next." The court said it was returnable to the May term, 1873, and was void because eight or ten terms intervened between the teste and return. The writ involved in the case at bar commanded the defendants "to be and appear before our criminal court of Cook county, in the county of Cook and State of Illinois aforesaid, on the first day of the next term thereof." This was in accordance with the statutory requirement, and notified the parties, in accordance with the law, when and where to appear. Under no proper view can it be held that the writ was nullified by the subsequent insertion of the words "on the first Monday of December next." In a clause like that under consideration the term "next" may be referred to the month or the day, according as the intention apparent upon the face of the instrument may require, and, if possible, such construction shall be given as will give validity to the proceedings. (*Osgood* v. *Hutchins,* 6 N. H. 374; *Fosdick* v. *Village of Perrysburg,* 14 Ohio St. 472; *Williams* v. *Buchanan,* 75 Ga. 789; *Town of Point Pleasant* v. *Greenlee,* 63 W. Va. 207, 60 S. E. 601.) The contention is without merit.

It is next contended that the recognizance was voided by the demand and requirement made upon appellants that they execute an agreement with the State's attorney not to sell or encumber the property scheduled. We are referred to no statutory provision or other authority under which such an agreement could be upheld. The condition of the recognizance itself was, however, in accordance with the law. It contained no reference to the requirement to which objection is made. When the recognizance was given, the obligations of the parties thereto were fixed in accordance with its provisions. It may be said here, as in *Rietzell* v. *People, supra,* that appellants were "free to execute the bond or decline." Having executed it they are bound by its provisions. They rely on *Billings* v. *Avery,* 7 Conn. 235, and *Shuttleworth* v. *Levi,* 76 Ky. 195. Those cases are not in point, for the reason that the recognizances there involved incorporated conditions not authorized by law.

The final contention made is, that the proceeding here is one to recover a forfeiture under a penal statute and is barred by limitation. Counsel argues that the only authority for the action is found in the Criminal Code, that it is subject to the limitations therein provided for prosecuting misdemeanors or recovering fines and forfeitures under penal statutes, or that, in any event, the action is one to recover a statutory penalty and must be brought within two years. Appellants insist in this connection that although the cause of action accrued October 25, 1926, the action cannot be said to have been commenced until October 9, 1929. The theory that action was not commenced until the latter date is obviously based on the premise that the writ issued December 1, 1926, was void. Granting for the sake of argument that the action was not commenced until October 9, 1929, there is no merit in the contention. This court has frequently held that unless specially named the State is not embraced within the Statute of Limitations. (*Whittemore* v. *People,* 227 Ill. 453.) A further conclu-

sive consideration is, that a suit by *scire facias* on a forfeited recognizance in a criminal case is a civil proceeding for the recovery of a debt of record, distinct from the criminal matter out of which it arises. (*People* v. *Phelps*, 17 Ill. 200.) As we said in *Peacock* v. *People*, 83 Ill. 331: "The proceeding is not of a criminal character but one to enforce the recovery of a sum of money accruing, due upon a contract."

The judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*