70 221
99a 262

FLINT *ex rel.* LUMPKIN V. YOUNG *et al., Appellants.*

1. **Instructions** not predicated on any evidence in the case, are properly refused.

2. **Indemnifying Bond to Sheriff:** VALID THOUGH NOT IN STATUTORY FORM. A bond given to the sheriff by a plaintiff in execution conditioned to indemnify a claimant of property taken under the execution against damages by reason of the seizure, is a valid bond, though it lacks the condition for the indemnification of the sheriff called for by section 28, page 607, Wagner's Statutes; and the claimant may maintain an action on such bond.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*C. H. Mansur* and *L. T. Collier* for appellants.

*Shanklin, Low & McDougal* for respondent.

NORTON, J.—This suit was originally brought in the circuit court of Daviess county, and subsequently removed by change of venue to the circuit court of Grundy county, where the same was tried at the January term, 1876, thereof. The petition alleges substantially that on the 22nd day of February, 1872, and long prior thereto, one George W. Lumpkin was the absolute owner and in possession of certain goods, wares and merchandise therein described;

that on or about the 22nd day of February, 1872, Thomas
J. Flint, as sheriff of Daviess county, and under and by vir-
tue of an execution issued from the office of the clerk of
the common pleas court of Livingston county, in favor of
defendants Archibald Young *et al.* and against William I.
Lumpkin, wrongfully and without leave, did seize, take
and carry away the said personal property, the same
being then and there the property of the said George W.
Lumpkin; that, thereupon, the plaintiff, Lumpkin, duly
notified the said Thomas J. Flint, as said sheriff, of his
right therein and ownership in and to said personal prop-
erty; and the said Flint having notified the plaintiffs in
sa d execution of the claim of George W. Lumpkin to
said property, thereupon the said Archibald Young and
others. principals and securities, made, executed and deliv-
ered to said Thomas J. Flint, as said sheriff, their bond
therewith filed, by which they bound themselves to the
said Thomas J. Flint, as said sheriff, in the sum of $800
upon the conditions that if the said Archibald Young and
others should pay all damages and costs which the said
George W. Lumpkin might sustain in consequence of such
seizure and sale made thereunder, then said bond was to
be void, otherwise to remain in full force; that said bond
was dated March 16th, 1872; that upon the execution and
delivery of said bond to the said sheriff, Flint, he sold said
property, and the same became and was a total loss to the
said George W. Lumpkin; that defendants did not comply
with the conditions of said bond, but a breach thereof was
made in this: that said sheriff, Flint, did, on the 16th day
of March, 1872, sell said property to the damage of said
George W. Lumpkin in the sum of $800; and which de-
fendants have failed and refused to pay, &c.; wherefore,
plaintiff says he has been damaged and prays judgment for
the penalty of said bond and an assessment of dama-
ges, &c.

The answer of defendants denies that on the 22nd day
of February, 1872, or at any other time, the said George

W. Lumpkin was the owner or in possession of the said personal property, or that the same was worth more than $600. It admits the seizure and sale by the sheriff of said property to satisfy said execution, but denies that said acts were wrongful, or that George W. Lumpkin was in any wise injured thereby, and avers that the goods, at the time of their seizure and sale, were the property of William I. Lumpkin, the defendant in the execution. It also avers that a fraudulent combination existed between George W. Lumpkin and William I. Lumpkin to screen and protect the said property of William I. Lumpkin from liability to be subjected to the payment of his debts. The new matter set up in the answer was put in issue by replication, and on the trial plaintiff obtained judgment for $800, from which defendants have appealed.

There are only two points relied upon in the brief of counsel for the reversal of the judgment, the first of which is the refusal of the court to give the following instructions asked by defendants, viz :   5.  " If, at the time the goods in question were seized by Sheriff Flint, William I. Lumpkin was in the exclusive possession of the same, or any part thereof, and said goods were so mixed and intermingled with the goods of said George W. Lumpkin (if any he had) as not to be distinguishable therefrom, with the knowledge or consent of said George W. Lumpkin, then such seizure was lawful, and the jury must find for the defendants." 6. " If the jury believe from the evidence that William I. Lumpkin, at the time said goods were seized by the sheriff, owned the same, or any part thereof, which was not, or could not be, separated from the balance of said goods, then such seizure was lawful, and the jury will find for the defendants."

Conceding that these instructions announce a correct legal principle, (which, in the view we take of the case is 1. INSTRUCTIONS.   neither necessary to be considered or determined,) the action of the court in refusing them was rightful, inasmuch as the record does not disclose any evidence

upon which they could have been predicated. The only statement which has the remotest bearing upon the question is to be found in the evidence of witness Penniston, who testified that in 1865 he became a partner in business with W. I. Lumpkin; that the partnership lasted about three years. "After I had been in about twelve months Lumpkin told me he had about $500, as guardian for some children, and would put it in if I would put in that much more, and we did so. I sold out to Crews. I supposed when I went in that W. I. was my partner, and knew no better for a month after, when he told me that G. W. was my partner." According to the evidence of this witness the partnership of which he speaks was dissolved when he sold out to Crews, and it clearly appears from other evidence that in 1869, soon after the sale by Penniston to Crews, Lumpkin also sold out his interest to him. Whatever interest, therefore, W. I. Lumpkin might have had in the goods and property embarked in that enterprise or partnership, disappeared in the sale made to Crews, and had no connection whatever, so far as the evidence shows, with the stock of goods involved in this controversy, which were not levied upon till 1872. All the evidence tended to show that the property which was seized and sold belonged either wholly to W. I. Lumpkin or wholly to G. W. Lumpkin, and the question as to whether it belonged to the one or the other was fairly and fully put to the jury, and most favorably for defendants in the instructions which were given by the court.

The second point insisted upon by appellants is, that the petition does not state facts sufficient to constitute a cause of action, that the bond sued upon is not a statutory bond, that no action can be maintained thereon, either by Flint, the sheriff, or the relator, Lumpkin. The bond, upon which the suit is founded, is as follows: "We, Archibald Young, Thomas Rutherford and George E. Shortridge, as principals and John L. Johnson, James L. Davis and Ben. H.

2. INDEMNIFYING BOND TO SHERIFF: valid though not in statutory form.

Stean, as securities, acknowledge ourselves indebted to Thomas J. Flint, sheriff of the county of Daviess, and State of Missouri, in the sum of $800, upon the following conditions : Whereas the said Thomas Flint, as sheriff aforesaid, has seized by virtue of an execution in favor of Archibald Young and others and against William I. Lumpkin, dated February 6th, 1872, certain goods, wares and merchandise as property of the said William I. Lumpkin ; and, whereas, one George W. Lumpkin has given notice in writing to the said sheriff that he claims said property so levied on by virtue of said execution : Now, if the said Archibald Young, Thomas Rutherford and George E. Shortridge, shall pay all damages and costs which the said George W. Lumpkin may sustain in consequence of the seizure and sale of the property so levied on and claimed, and shall pay and satisfy to said George W. Lumpkin all damages which he may sustain in consequence of such seizure and sale, then this bond shall be void, otherwise to remain in full force."

It is claimed that the above bond is not a statutory bond, because it does not embrace all the conditions prescribed by section 28, 1 Wag. Stat., 607. That section provides that the indemnifying bond shall be " conditioned to indemnify the officer against all damages and costs which he may sustain in consequence of the seizure and sale of property so levied upon and claimed, and to pay and satisfy to any person or persons claiming the same all damages which such person or persons may sustain in consequence of such seizure and sale." * * It will be perceived that the bond in suit contains no condition for the indemnification of the officer against all damages and costs which he may sustain in consequence of the seizure and sale of the property, but only the condition that the obligors " shall pay all damages and costs which the said George W. Lumpkin may sustain," it appearing from the face that said Lumpkin was the claimant of the property In consequence of this omission it is insisted that the bond

is void as a statutory bond, and cannot, therefore, as such be the subject of an action in the present form. The question here presented was considered by this court in the case of the *State to use of Cameron v. Berry & Berry*, 12 Mo. 377, and it was then held that a bond executed under the statute concerning attachments which omits part of the conditions specified in the act, is, nevertheless, valid, as to the conditions therein contained, it being there observed, "that when the bond merely fell short of the statutory enumeration in such a manner as to be more favorable to the party executing it, he could not be permitted to complain, if, after it had answered all his purposes, he was held liable to its penalties." Judgment affirmed, in which all the judges concur.