E. B. GWYNN *v.* THE STATE.

1. CIRCUIT COURT. *Witness. Recognizance to appear before grand jury. Power of court to require.*
   A circuit court has full power to require a witness, subpœnaed to testify before a grand jury, to enter into a recognizance to appear before such grand jury either at the present or a future term of that court.

2. SCIRE FACIAS. *Variance between it and judgment nisi. Case in judgment. Practice. Amendment.*
   A judgment *nisi* recites that it is for a failure of defendant to appear and testify before the grand jury, as by his recognizance he was bound to do; the *scire facias* issued thereon recites that a judgment *nisi* has been entered against the defendant for a failure to appear to answer to the State of Mississippi "on a charge of failure to testify before the grand jury." The defendant demurred to the writ. *Held,* that the variance between the judgment *nisi*

and the *scire facias* is fatal here, but the writ ·might have been amended in the court below so as to conform to the judgment *nisi.*

3. SAME.  *Pleading.  Demurrer.  Case in judgment.*

In the above-stated case the defendant filed a paper objecting to the writ on the ground of its variance from the judgment, and asking if he should further answer such writ.  The court submitted the question thus presented to a jury.  *Held*, that the submission to a jury was error, as the paper presenting the defendant's defense was a demurrer; and not a plea.

APPEAL from· the Circuit Court of De Soto County.

HON. A. T. ROANE, Judge.

E. B. Gwynn was subpœnaed to appear before the grand jury of De Soto County at the September term, 1885, of the circuit court.   He appeared in open court and entered into a recognizance as follows :

" Came the said E. B. Gwynn and agreed to pay the State of Mississippi the sum of fifty dollars unless he shall appear at the next term of this court to testify as a witness before the grand jury of said term of court."   At the next term a judgment *nisi* was entered up on this bond, reciting that " it appearing that the defendant failed to appear as a witness before the grand jury at this term of the court, as by his recognizance entered into at the last term of this court in the sum of fifty dollars he was bound to do, it is ordered by the court that judgment *nisi* be entered," etc.  A *scire facias* was issued informing Gwynn of this judgment, " for the sum of fifty dollars on a certain recognizance before that time entered into before the circuit judge for the appearance of the said E. B. Gwynn to answer the State of Mississippi on a charge of failure to testify before the grand jury at the March term, 1886, of Circuit Court of De Soto County."   The defendant appeared and filed what he termed " pleas," in which he prays judgment as to whether he shall answer further, (1) because the circuit court had no authority to require him to give the recognizance ; (2) because there is a fatal variance between the recognizance and judgment *nisi* and the *scire facias.* The defendant admitted his failure to appear before the grand jury. Thereupon the court submitted the questions thus presented to a jury, with an instruction to find for the plaintiff.

The defendant moved for a new trial because the court submitted the matter of his defense to a jury. The motion was overruled.

The defendant appealed to this court.

*H. C. Watson,* for the appellant.

1. A recognizance is an obligation of record entered into before a court or officer fully authorized for that purpose, with condition to do some act required by law. *State* v. *Pace,* 25 Miss. 54.

A *scire facias* cannot be grounded upon a recognizance not authorized by law, nor can any judgment be pronounced upon it. *Owen* v. *Grundy,* 8 Yerger 436.

In view of the authorities above quoted, a pertinent inquiry in this cause is whether the circuit judge or the court had the power or authority to require Gwynn to enter into the recognizance above referred to. If not, there is such a fatal defect on the face of the proceedings as to require this court to enter judgment for the appellant.

By the constitution and laws of this State the circuit judge is a conservator of the peace, and the power claimed in this case must be sought for in the provisions of law defining the duties and powers of conservators of the peace. Under § 3114 of the code any justice of the peace, or other conservator of the peace, may require any prosecutor or witness appearing before him while sitting as a *committing court* to enter into bond, etc., to give evidence in any matter or cause, etc.

This section, while giving the power to bind over a witness, clearly limits it to cases investigated by him.

By § 1678 any district attorney or conservator of the peace may have witnesses subpœnaed *in vacation* to go before the next grand jury.

We are unable to find any authority conferred upon a judge to send witnesses before a grand jury which is not conferred upon other conservators of the peace.

This power is limited to certain specified cases, and any act of a judge by which he attempts to cause witnesses to appear before a grand jury, directly or indirectly, except in these specified cases, is beyond his authority and absolutely void.

2. There is a fatal variance between the recognizance, the judgment *nisi,* and the writ of *scire facias.*

By the recognizance the defendant is required to appear, etc., to testify as a witness before the grand jury.

The judgment *nisi* was taken against him for failure to appear as a witness before the grand jury.

The writ of *scire facias,* which is both process and pleading, complains that he did not appear and answer the State of Mississippi on " a charge of failure to testify before the grand jury."

Any one reading the *sci. fa.* would at once conclude that the *sci. fa.* called upon the defendant to answer a criminal charge pending in the circuit court against the defendant. In some of the States " failing or refusing to testify before the grand jury " is an offense for which a party may be indicted and punished. 2 Bishop Crim. Law 259.

The defendant here might well have thought that the *sci. fa.* called upon him to answer an indictment pending for failure to appear before the grand jury and testify.

We contend that this is a fatal variance, and that for this the cause should be reversed. *Tucker* v. *The State,* 55 Miss. 453; *State* v. *Borroune,* 25 Miss. 203.

3. It was error to submit the issues in this case to a jury, but as we fared about as well before the jury as we would have done before the court, this was perhaps an immaterial error.

*T. M. Miller,* Attorney General, for the State.

1. The power of a judge in term time to send cases before the grand jury for investigation cannot be denied. It results from their common-law as well as statutory authority as conservators of the peace. Bish. Cr. Pr. 229.

If it be the duty of the court to send parties before the grand jury for examination the power to bind over witnesses is incidental. Ib. 234.

While the individual membership of the grand jury changes that body or adjunct of the court is always in existence. And the next grand jury may complete an examination left unfinished by its predecessor.

It has been held that a person charged with a felony is not entitled to be discharged on habeas corpus when a grand jury has only made a partial examination of his case.

2. It was not material that the issues of law presented were submitted to a jury. They were not permitted to find any fact, but acted under the court's direction. It was really the judgment of the court. See *Hewett* v. *Cobb*, 40 Miss. 61.

3. It is submitted that the alleged variance between the judgment *nisi* and the *scire facias* was not material. The clerk used the words " to answer the State upon the charge of failure to testify, etc.," for want of any better designation of the proceeding. The defendant was sufficiently informed by other recitals of the proceeding and could not have been injured by the clerical error.

COOPER, C. J., delivered the opinion of the court.

We entertain no doubt of the power of the circuit court to require a witness who has been subpœnaed to testify before the grand jury to enter into a recognizance to appear either at a present or future term. The grand jury is a part of the court, and its proceedings are under the supervision of the presiding judge. It is true that in its deliberations he may not interpose nor take part, but neither can he participate in the deliberations of a petit jury, and that he may not so do does not in the one case more than in the other restrict him in the exercise of all proper and usual control over the machinery provided by law for the aid of the jury in performing the duties devolved on it. The court has all the power belonging to a court of oyer and terminer and general jail delivery (Code of 1880, § 1493), and the judge is a conservator of the peace (code, § 2268). The power to require persons to enter into recognizances to appear before the grand jury is one which has been immemorially exercised by circuit courts, and this of itself would be a potent consideration if the existence of the power were otherwise doubtful.

But there is a fatal variance between the judgment *nisi* and the *scire facias*. The judgment *nisi* is for a failure to appear and testify before the grand jury as by his recognizance he was bound

to do, while the *scire facias* recites that a judgment has been entered against him for a failure to appear to answer to the State of Mississippi on a charge preferred against him, etc.   This is a total departure from the judgment *nisi* and necessitated the amendment of the writ.   The appellant filed what he called a plea to the *scire facias,* but it is both in substance and form a demurrer, and it should have been passed upon by the court and not submitted to a jury, as was done, and as a demurrer it was well taken.   The frequent reversals in this class of cases suggests the propriety of our remarking that by the easy process of amending writs of *scire facias* so that they shall conform to the judgment *nisi,* the consequences which otherwise are so apt to result from the inexperience or carelessness of clerks may be readily avoided.

*The judgment is reversed, and the cause remanded to be further proceeded with in the court below.*