# The State, use of Coosa County, *v.* Parker.

|83   269|
|123  633|

*Scire Facias against Bail, on Forfeited Recognizance.*

1. *Costs against county.*—A proceeding by *scire facias* against bail, on a forfeited recognizance (Code, §§ 4863–68), is a civil action, of which the county is the beneficial plaintiff; and if the bail are discharged, judgment for costs may be rendered against it, as the unsuccessful party (*Ib.* §§ 3128, 3136); nor is it necessary that the claim shall be presented for allowance to the County Commissioners Court.

2. *Fees of clerk and sheriff.*—The statute which gives a fee to the circuit clerk, for "issuing *scire facias*, or notice in the nature thereof," and to the sheriff for serving and returning it (Code, §§ 5027, 5032), applies to proceedings by *scire facias* against bail on a forfeited recognizance.

3. *Motion to re-tax costs.*—When any items are improperly included in a bill of costs, the proper remedy is by motion to re-tax.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. JAS. W. LAPSLEY.

WATTS & SON, for the appellant.

[The State, use of Coosa County, v. Parker.]

SOMERVILLE, J.—In this case, a judgment *nisi* was rendered against the principal and sureties on a forfeited bail-bond, in the name of the State, for the use of Coosa county, in October, 1885.—Code, 1876, § 4863. A *scire facias*, or notice, issued on this judgment against the defendants, requiring them to appear and show cause why this judgment should not be made final. Upon the hearing of excuses for default, the court set aside the conditional judgment, and taxed the county of Coosa with the costs of the suit.—Code, 1876, § 4868. .

It is insisted, on this appeal, that this judgment is erroneous, because, under the statute, "the law of fees and costs must be held to be penal," and no fee can "be demanded or received except in cases expressly authorized by law" (Code, 1886, § 3565 (5017), and that no law expressly authorizes any fees to the officers of court, for services in a case of this character.

The precise question was decided in *Dover v. The State, use of Winston County*, 45 Ala. 244, 255, where it was held, that, in such a proceeding, the county for whose use the suit was brought, should, in the event of its failure to recover, be taxed with the costs as the unsuccessful party. We are of opinion that this decision should be adhered to as correct.

A suit of this nature, on a forfeited undertaking of bail, has uniformly been held to be a civil, not a criminal action. *Hatch v. State*, 40 Ala. 718; *State v. Harrison*, 4 Ala. 673. That is, it commences to be a civil action from issue of the notice, or *scire facias* against the obligors, which answers the place of a summons and complaint in an ordinary suit. Code, 1876, §§ 4864, 4865.

It is provided by statute, that "the successful party in all civil actions is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law;" and this provision is made applicable even to the State itself, where it is a party plaintiff.—Code, 1886, § 2837 (3128).

So, it is further provided, that when judgment is rendered against the plaintiff, "in any suit brought in the name of a nominal plaintiff for the use of another, judgment for costs must be rendered against the *beneficiary*."—Code, 1886, § 2845 (3136).

The county of Coosa is a body corporate, liable to sue and to be sued as a natural person may be.—Code, § 886. It may plainly be taxed with costs as a plaintiff, just as any other litigant can lawfully be, and under like circumstances.

There is nothing in the suggestion, that such a liability must first be presented to the Commissioners Court, as ordinary claims are required to be, and be disallowed by them, before judgment can be rendered for it.   Taxable costs of suit do not fall within this class of claims.—Code, 1886, §§ 901–905; *Dover v. The State, supra.*

It is manifest that, if any costs are allowed by law in this case, the judgment for costs must stand.   The action being a civil one, from the issue of the *sci. fa.,* sections 5027 and 5032 of the Code of 1876 are broad enough, however strictly construed, to justify the allowance of a fee to the circuit clerk for issuing the "*sci. fa.,* or notices in the nature thereof," and to allow the sheriff a fee for serving and returning such notices, each of which may be regarded as a mere summons.   The last phrase in section 5032 shows this, by providing that no fee shall be charged by a sheriff for serving a *scire facias* on a defaulting *juror,* or *witness,* when he is excused by the court without terms.   But no such exception is made in favor of a defaulting obligor on a forfeited undertaking of bail.

If the bill of costs be objectionable, as containing any improper items, the remedy is by motion to re-tax in the mode specified by the statute.—Code, 1886, § 2855; *Tecumseh Iron Co. v. Mangum,* 67 Ala. 246; *Spann v. Cole,* 13 Ala. 473.

Affirmed.