### THE STATE v. ROY SIMMONS et al., Appellants.

Division Two, December 1, 1920.

1. **RECOGNIZANCE: Stay of Execution: Bond to Pay Fine and Costs.** A bond which contains no condition that its principal surrender himself, but conditioned that he pay a fine which has been assessed against him within the ninety days for which he has been granted a stay of execution, is not conditioned upon any provision mentioned in the statute (Sec. 5291, R. S. 1909), nor is it conditioned upon any failure which under the statute (Sec. 5134, R. S. 1909) would involve a forfeiture in a proceeding by *scire facias* against the sureties.

2. ———: ———: ———: **Irregularities: Forfeiture.** A recognizance, given in compliance with some condition mentioned in the statute, is not void so as to prevent a forfeiture, for irregularities for which it may be amended, or for omissions which may be supplied. But a bond which is entirely foreign to the statute, and contains no conditions upon which a recognizance may be taken, cannot be forfeited by *scire facias.* A statutory forfeiture cannot be adjudged for failure to comply with a condition which the statute does not recognize. The curative part of Section 5019, Revised Statutes 1909, cannot be applied to a bond unless it is conditioned that defendant appear at a certain time, as provided in Section 5291.

3. ———: **Liability at Common Law: Proceeding by Scire Facias.** Where the proceeding for forfeiture of a bond is under the statute by *scire facias,* it is unnecessary to determine whether the bond, invalid under the statute because it is not given for the performance of any condition recognized by it, is good and valid at common law.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate,*
Judge.

AFFIRMED.

*W. V. Draffen* and *W. G. Pendleton* for appellant.

(1) The amendment, *nunc pro tunc,* to show an or-
der of stay of execution made at a preceding term, was
unauthorized. The whole record shows not the slight-
est memorandum upon which to base this amendment.
The testimony of the clerk informing the court that
the court made such an order was incompetent. The
action of the court can only be proven by its record.
Callier v. Railroad, 158 Mo. App. 259; Belkin v. Rhodes,
76 Mo. 643. The State must rely solely upon the recital
in the bond itself to authorize the amendment *nunc pro
tunc.* This is not sufficient, because, first, the bond was
merely a filed paper in the cause and recites an anteced-
ent action of the court. Such construction would be
equivalent to permitting the unauthorized act of the de-
fendant and the clerk to speak for the court. Again,
the only recital in the bond of any order of the court
is the granting of a stay of execution. It does not even
recite that the court fixed the amount of the bond or
approved it. No approval of the bond in or upon the
same or by any record prior to the amendment. Neither
the sheriff nor the clerk had authority to fix the amount
of this recognizance. R. S. 1909, sec. 5291; State v.
Owen, 206 Mo. 573; State v. Crosswhite, 195 Mo. 1;
State v. Fraser, 165 Mo. 242. A recognizance so taken
is void. The statute clearly contemplates that the re-
cognizance is to be taken and approved by the court or
judge. (2) The bond is void on its face as a statutory
recognizance under Sec. 5291, because it is not condition-
ed for the surrender of Roy Simmons in execution.
This is not a mere irregularity under Section 5019, be-
cause that section requires that the recognizance must
show "that the sureties undertook that the defendant

should appear before a court or magistrate, etc.'' Hence, the absence of that provision is not an irregularity cured by Section 5019. Lack of certain essential requirements are not mere irregularities in such recognizances. State v. Woodward, 159 Mo. 680. A recognizance binding the sureties for the absolute payment of money, and not for the appearance of the accused principal, is more onerous than the statute requires, and renders the recognizance void. Hand v. State, 28 Tex. App. 28; Wright v. State, 22 Tex. App. 670. Such a bond is not even good as a common law bond. State ex rel. v. Frazer, 165 Mo. 258. But even if it were, it cannot proceed to judgment against the sureties by *scire facias;* since the basis of that proceeding is the forfeiture under Sec. 5134, R. S. 1909, which can be taken only if the defendant fails to appear as required by the condition of his recognizance. There being no such condition, either expressed or implied, in this recognizance, it could not be declared forfeited as provided by Section 5134, and, hence, the sureties cannot be brought into court by *scire facias.* If suable at all, they must be sued in an ordinary civil action. (3) The sureties are not estopped to deny the validity of this recognizance because of any benefit which their principal may have derived from it. State ex rel. v. Fraser, 165 Mo. 255. Appellants ask that the judgment be reversed.

*Frank W. McAllister,* Attorney-General, and *J. W. Broaddus,* Assistant Attorney-General, for respondent.

(1) It was proper for the court to amend the record *nun pro tunc* so as to show an order of stay of execution made on the 19th day of May, 1919. Said amendment was based upon the files of the case and not upon the mere recollection of the clerk. Belkin v. Rhodes, 76 Mo. 643; Loring v. Groomer, 110 Mo. 639; State v. Libby, 203 Mo. 597; Callier v. Railroad, 158 Mo. App. 260. While it is true the court heard evidence of the clerk and his deputy to the effect that the court had actually made an

order granting a stay of execution for 90 days, still the judgment recites that said order *nunc pro tunc* was also based upon the "files and records of the court." The recognizance signed by defendant and appellants recited the fact that "on the 19th day of May, 1919, the judge of said circuit court, by an order duly made, granted a stay of execution to defendant for 90 days, within which time defendant is to pay said fine of $100 and the costs thereof." This recognizance was filed with the clerk on the 22nd day of May, 1919, and became a part of the records of the court. It formed a sufficient basis upon which to make the *nunc pro tunc* order. (2) This court will not interfere with the action of the trial court in making the *nunc pro tunc* order where it was based upon substantial evidence. Sperling v. Stubblefield, 105 Mo. App. 494; In re Fulsome's Estate, 193 S. W. 620, par. 5. (3) There is no merit in the contention that the recognizance is void because the amount thereof was fixed by the sheriff or clerk. Instead the amount of the recognizance was fixed by the verdict of the jury and judgment of the court and the writ of *scire facias* recited the fact that said recognizance was approved in open court. (4) The recognizance was not conditioned for the surrender of the defendant, Roy Simmons, in execution as required by Section 5291. However, the obligation expressed in the recognizance follows the exact terms of the judgment which were to the effect that, "the State have and recover of the said defendant the said sum of $100, together with the costs, laid out and expended." A recognizance as defined in State v. Wilson, 265 Mo. 18, is "an obligation acknowledged and entered into in open court or by appearance of the principal and his sureties before the officer taking same, in which the recognizor, with sureties, binds himself under a penalty to do some particular thing." Here the defendant and said sureties solemnly agreed to do the particular thing that the judgment of the court required, to-wit, pay the fine of $100 and costs. This they failed to do within the time allowed by the court and specified in the recognizance, and they

should not now be heard to complain that a different obligation should have been imposed upon them. (5) *Scire facias* was the proper remedy to enforce the recognizance after forfeiture had been taken. 6 C. J. 1057-1058; State v. Caldwell, 124 Mo. 509; State v. Hoeffner, 124 Mo. 488. (6) The recognizance should be held binding upon the appellant sureties even though its terms may not conform to the letter of the statute authorizing its execution, and any irregularity which in no way effects the substantial rights of the sureties should be disregarded. State v. Allen, 204 S. W. 722; Section 5019, R. S. 1909; State v. Abel, 170 Mo. 67; State v. Morgan, 124 Mo. 478; 34 Cyc. 543; Gallegher v. People, 91 Ill. 590.

WHITE, C.—This is a proceeding by *scire facias* to forfeit a recognizance given by Roy Simmons, as principal, and John H. Turley and Gus R. Schuster, as sureties.

May 19, 1919, in the Circuit Court of Cooper County, Roy Simmons was convicted of felonious assault, and his punishment assessed at one hundred dollars' fine. On the 22nd day of May the following recognizance was executed and filed with the clerk of the circuit court in the case:

"Be it Remembered, that on the 19th day of May, 1919, in the Circuit Court of Cooper County, Missouri, Roy Simmons, the principal in the within recognizance, was tried in said court upon an information filed against him charging him with felonious assault, and that a jury was duly empaneled to try said cause, and said jury returned a verdict assessing a fine against said defendant of one hundred dollars and the costs to be taxed in said cause, and afterwards, to-wit, on the 19th day of May, 1919, the judge of said circuit court, by order duly made, granted a stay of execution to said defendant for ninety days, within which time said defendant is to pay said fine of one hundred dollars and the costs thereof.

"Now, therefore, if the said Roy Simmons, as principal and Gus Schuster and John Turley, as securities, shall pay said fine and costs within ninety days from this date, as provided in said order of said circuit court, then this recognizance shall be void; otherwise to remain in full force and effect in law.

"Roy Simmons  (SEAL)
"Jno. H. Turley  (SEAL)
"Gus R. Schuster  (SEAL)"

On the 20th day of October, 1919, Simmons having failed to comply with the conditions of the bond, a forfeiture was entered.

On the 24th day of January, following, a *scire facias* was issued, directed to John H. Turley and Gus R. Schuster, sureties in the bond, notifying them to appear January 26th, the first day of the regular January term of court, and show cause why the judgment of forfeiture should not be made absolute. They failed to appear on that date and judgment was rendered against them. At the next May term the sureties appeared and filed a motion to set aside the judgment rendered against them; the motion was sustained, and they filed their answer. The State demurred to the answer, which being overruled, the State filed reply and the cause went to trial June 10, 1919; judgment was rendered against the sureties for the amount of the fine, one hundred dollars, and costs amounting to $75.25. At the time the recognizance was taken there was no order of court entered of record staying execution for ninety days, as recited in the bond. On the motion of the State, before entering judgment on June 10, 1920, the court entered a *nunc pro tunc* order amending the record so as to show that there was a stay of execution for ninety days, ordered May 19, 1919, the date of judgment, whereby Roy Simmons was convicted.

After the judgment rendered as aforesaid, John H. Turley and Gus R. Schuster, in due form appealed to this court. Two principal reasons are advanced for the reversal of the judgment: First, that the *nunc pro tunc*

order of the court was not authorized by anything appearing in the record and, without the order of a stay of execution, no valid recognizance could be given; *second,* that the bond, in form, is not within the provisions of the statute and only provides for a condition which the statute does not recognize.

I.   The statute under which the bond was given, Section 5291, Revised Statutes 1909, provides that a court, or a judge or justice thereof, in certain cases, for good cause shown, may grant a stay of execution for a definite period of time to be fixed by the court granting the same, not to exceed ninety days "upon the defendant or some person for him entering a recognizance conditioned for his surrendering himself in execution at the time and place fixed by the judgment of such conviction or sentence on a day to be named in such order."

Statutory Conditions.

It will be noted that the bond in this case, set out above, contains no condition that the defendant surrender himself at any time or place, but it is conditioned that he pay a fine of one hundred dollars and costs, and the sureties bind themselves to pay such fine in case of default.

The section of the statute relating to the forfeiture of a recognizance, Section 5134, Revised Statutes 1909, provides that in case of failure of the defendant to "appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully requied," his recognizance is forfeited and the court may proceed by *scire facias* to final judgment.   It is clear that the condition of the bond in this case is not the one provided for in Section 5291, nor is it conditioned on any failure which would involve a forfeiture provided in Section 5134, so as to authorize a proceeding by *scire facias* against the sureties.

It is true that a recognizance, given under the statute, is not void so as to prevent the forfeiture, for irregularities for which the recognizance may be amended or

omissions which might be supplied. [Newton v. Cox, 76 Mo. 352; State v. Wilson, 265 Mo. 1; State v Hoeffner, 124 Mo. 488.] An obligation of that character, "voluntary in its nature, definite in its terms, and taken for the State to afford the privilege of freedom for the principal therein, upon default being made by the latter, should be held binding upon the sureties, although its terms may not conform to the *letter* of the statute authorizing its execution." [State v. Allen, 204 S. W. 1. c. 722.]

But the bond in this case, purporting to be taken under the statute for the purpose indicated, is not merely irregular in that it fails to follow the letter of the statute, but is entirely foreign to the statute, and does not contain any conditions upon which such a recognizance may be taken. It is at variance with the statute, not merely in form but in substance and purpose. No proceeding by *scire facias* to forfeit is provided for. [State v. Stevens, 134 Mo. App. 1. c. 119; State v. Crosswhite, 195 Mo. 1. c. 14-15; State v. Woodward, 159 Mo. 680.]

It has been held that a recognizance is not vitiated by reason of its containing more than the statute prescribes because "the stipulation in the bond not required by a statute may be rejected as surplusage and the bond still be regarded as a statutory bond." [Woods v. State, 10 Mo. 1. c. 700.] Likewise, when a bond "falls short of the statutory enumeration in such manner as to be more favorable to the party executing it," such party cannot complain because it contains enough to make him liable for the penalties prescribed. [Flint ex rel. Lumpkin v. Young, 70 Mo. 221, 1. c. 226.] Those cases imply that a statutory forfeiture cannot be adjudged for failure to comply with a condition which the statute does not recognize.

The Statute of Jeofails, relating to bonds, Section 5019, Revised Statutes 1909, is mentioned in some of the cases as sufficient to cure irregularities and omissions in statutory recognizances. That section provides that: "No proceeding upon a recognizance shall be defeated

. . . on account of any defect of form, omission of recital, *condition of undertaking therein*," etc.

In this case the condition of the undertaking provided in. the statute was omitted entirely and a totally different undertaking inserted in the bond. Section 5019 could not correct that defect because the same section concludes as follows:

"So that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance *that the sureties undertook that the defendant should appear before* a court or· magistrate at a term or time specified for trial."

The curative part of that section cannot be applied to a bond unless it is conditioned that the defendant appear at a certain time, as provided in Section 5291. There is no theory upon which the proceeding by *scire facias* for a forfeiture of a recognizance could be authorized under the statute.

It is therefore unnecessary to inquire whether the *nunc pro tunc* entry was authorized by the files and record.

II.  It may be urged that the bond in this case is at least a common law bond in that it is a voluntary undertaking by the defendants upon certain conditions to do certain things, and the facts show the occurrence of the condition which would make them liable. [State ex rel. v. Frazer, 165 Mo. 242, l. c. 258; State to use v. Cochrane, 264 Mo. l. c. 593-4; Burton Machinery Co. v. Ruth, 196 Mo. App. 459, l. c. 465.] It is unnecessary to determine in this proceeding whether the bond is a common law undertaking upon which the sureties would be liable, because in such case there could be no proceeding of *scire facias* for a forfeiture under the statute, a proceeding which applies only to a statutory recognizance.

Liability at Common Law.

The judgment is reversed. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.