4 So.2d 509

**JONES v. CITY OF OPELIKA.**

5 Div. 356.

Supreme Court of Alabama.

Nov. 6, 1941.

Duke & Duke, of Opelika, for petitioner.

Grover C. Powell, of Atlanta, Ga., for respondent.

FOSTER, Justice.

In order to get a more complete understanding of the record which the Court of Appeals has construed, we have examined it as is customary for that purpose. Cranford v. National Surety Co., 231 Ala. 636, 166 So. 721.

Appellant had been convicted in the recorder's court and had appealed to the circuit court. The case in that court was docketed under the number 2318. He gave an appeal bond to that court. On May 8, 1940, a conditional judgment forfeiting the bond for the failure of appellant to appear was entered in the circuit court by the Hon. Albert Hooten, Judge. On October 19, 1940, a scire facias was issued and served on the surety October 30, 1940. On November 6, 1940, "attorney for defendant" appeared and answered the scire facias, though there appears to be no return of service on him. As an exhibit to his answer he set out a certified copy of a rule nisi and order of this Court directed to Hon. W. B. Bowling, as judge of that circuit. He and Judge Hooten were both judges of equal authority in it. This appellant was petitioner for said rule and order, and it commanded him to transfer said case number 2318 from the nonjury docket to the jury docket or appear before the Court of Appeals on May 9, 1940, and show cause why a writ of mandamus should not issue to that effect. Said order of this Court also restrained him from further proceeding in this matter until further orders of the Court of Appeals.

On November 6, 1940, there appears what we interpret as two judgments in one document signed by Judge Hooten. It first made the forfeiture final in sum of $10.00 against appellant and the surety on his bond. In that aspect of the judgment there is no recital of an agreement of the parties. It is complete and final in every detail. It is then followed with a heading as follows: "Judgment Dismissing Case No. 2318 and Taxing Costs." That is followed by another judgment, beginning with a recital that it is "By agreement of the parties," and orders that cause (No. 2318) be dismissed, and "that the defendant be taxed with the costs." This last feature of the judgment is a final disposition of the quasi criminal case rendered both as to the dismissal and as to the costs of that case "by agreement of parties." All of this is under a dating of November 6, 1940, on which date the forfeiture was made final.

On November 30, 1940, "defendant" moved the court to retax the costs in case No. 2318, and prayed that that part of the judgment taxing the costs against defendant be set aside and the costs retaxed. It makes no claim that defendant did not agree as the judgment recites.

A demurrer was filed to this motion raising the theory that it does not seek to correct any error of the clerk in making up the cost bill, but that it seeks in an improper manner to correct the judgment by which the costs are taxed against defendant. On December 7, 1940, Judge Hooten entered an order and judgment in which he sustained this demurrer, but made no final disposition of the motion.

On December 23, 1940, defendant filed an appeal bond reciting that it was taken to this Court (but it was put on the docket of the Court of Appeals), and reciting that on November 6, 1940, the bond was forfeited in the amount of $10, and also reciting the filing of the motion to retax the costs, and erroneously states that said motion was dismissed and overruled, and also recites that defendant has appealed to this Court "to reverse said judgment." It does not say which. They were separate judgments, one on November 6, 1940, making the forfeiture final, and the other on December 7, 1940 sustaining demurrer to his motion to retax.

The Court of Appeals held that the judgment making the forfeiture final was rendered by Judge Hooten in violation of an order of this Court to Judge Bowling as judge of that circuit; that since the order was one in essence against the judge of that court, rather than against the person of Judge Bowling, neither judge had the power to render such a judgment in violation of the order of this Court even by agreement of the parties. The Court of Appeals did not treat that aspect of the appeal directed to the judgment sustaining demurrer to the motion to retax.

Petitioner here, the City of Opelika, complains that that court should have dismissed the appeal because the judgment sustaining demurrer to the motion to retax the costs will not support an appeal, and that the final judgment of forfeiture should be affirmed because it was not sufficiently ceeding that this Court had made the rule proved to the court on hearing the pronisi as set up in the answer to the scire facias, since there was no bill of exceptions showing what evidence was offered;

and that said order was not directed to Judge Hooten, nor served on him. He wants the appeal dismissed insofar as it relates to the judgment on demurrers to the motion and affirmed insofar as it relates to the judgment of forfeiture, but does not want it dismissed as to the latter judgment on the ground that it will not support an appeal.

■ The judgment sustaining demurrers to the motion was not appealable and the Court of Appeals did not so hold. Hicks v. Ward, 240 Ala. 236, 198 So. 705(5); Ex parte Cabaniss, 235 Ala. 181, 178 So. 1; Devane v. Smith, 216 Ala. 177, 112 So. 837.

But we will first treat the appeal in respect to the judgment making the forfeiture final.

As we have shown, a conditional forfeiture or rule nisi had been followed by a writ to defendant to show cause why the judgment should not be made final. Code of 1940, Title 15, section 213; Code of 1923, section 3388. And he had set out in his answer to the writ a certified copy of the order of this Court.

■ Usually the answer to a rule nisi is conclusive unless its truth or sufficiency is put in issue or controverted. Code of 1923, section 8979; Code of 1940, Title 7, section 1073. And it did not take a statute to make it so. Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 So. 44; 35 Amer. Jur. 100, section 358.

■ There is no reason why such principle should not apply to a rule nisi issued on a conditional forfeiture. The procedure is set out in Code of 1940, Title 15, section 217; Code of 1923, section 3392. Neither the judgment nor other feature of the record shows that the answer was controverted and therefore it should be taken as true presenting only a legal question. The effect of the judgment is to hold that the order made by this Court did not have the effect of preventing Judge Hooten as judge of the circuit court from entering such a judgment because it was directed to another judge of that court, or that the forfeiture was not such judgment as was within the restraining order issued by this Court.

■ The Court of Appeals properly held that it prohibited any judge of that court from rendering such a judgment. It was we think in essence a prohibition against

the court and not an individual judge. Its terms are brought to the attention of the presiding judge in the answer to the scire facias. He was as much bound by it as was Judge Bowling. It ordered official restraint, not that of an individual, and operated as a stay of proceedings there specified. 38 Corpus Juris 935, section 720 (note 69); 35 Amer.Jur. 124, section 386.

■ The power of a court to enforce its valid orders and judgments is inherent, and it may take such legal steps as are necessary or expedient to render them binding and operative. 35 Amer.Jur. 126, section 390.

■■ When a circuit court has made an order or rendered a judgment in violation of a valid restraining order made by the Supreme Court within its jurisdiction and properly exercised, but which judgment is within the general powers and jurisdiction of the circuit court, and its only restraint in that regard is the order so made by this Court, its judgment is not void, nor to be disregarded so long as it stands unimpeached. The party against whom it was rendered may have an election of remedies to have it vacated or reversed. He could move the circuit court rendering it to set it aside, and, on refusal, have it done by mandamus from the court having supervisory power, or in the court which ordered the restraint. Or he could at his election appeal from it pursuant to some statute authorizing an appeal from such judgments and have it reversed, provided the record on appeal shows on its face an error in rendering the judgment. 35 Amer.Jur. 62, section 308; 3 Amer.Jur. 728, section 1232; In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Baltimore & Ohio R. Co. v. United States, 279 U.S. 781, 41 S.Ct. 492, 73 L.Ed. 954.

### Is the Judgment Appealable?

■ The forfeiture of a bail bond and the proceedings leading to a final judgment are a civil action, apart from the original case in which the bail was taken. State, Use of Coosa County v. Parker, 83 Ala. 269, 3 So. 552; Hatch v. State, 40 Ala. 718; Peck v. State, 63 Ala. 201; Dover v. State, 45 Ala. 244, 255.

■ There is no reason to doubt that an appeal lies from a final judgment in such a proceeding as in any other of a civil nature. Code of 1940, Title 7, section 754. To be taken in six months. Code of 1940,

Title 7, section 788. See, Cantaline v. State, 33 Ala. 439. We find no special provision for appeals applicable to this kind of judgment.

We see no reason why a party adversely interested in a judgment of this sort rendered contrary to the mandate of a restraining order may not treat it as a valid judgment and appeal from it, seeking a reversal on the ground that the record shows that its rendition was erroneous on account of said restraining order.

As we interpret the judgment, the agreement of the parties recited to have been made is for the dismissal of the charge preferred against appellant and a taxation of the costs in case No. 2318, and not an agreement that the forfeiture be made final. The judgments should be treated, as they were, two separate and distinct, in two separate proceedings. Insofar as case 2318 is concerned, the only appeal sought is from the judgment sustaining demurrer to the motion to retax costs. And this judgment is not appealable. The Court of Appeals seems to have paid no attention to it, and the question is not here presented of the effect of trying to take one appeal from judgments in two separate proceedings. So we will treat as surplusage that feature of the appeal bond relating to the motion to retax the costs.

We think that instead of dismissing the appeal from the judgment of forfeiture, it should be considered on its merits.

That brings up for consideration the question of whether the forfeiture violated the restraining order. It ordered the judge not to proceed further in the cause until the further orders of the Court of Appeals. The question was whether appellant was entitled to a jury trial. No further proceeding was to be had until some order was made in respect to that question. Was it the duty of defendant in that suit to appear in the circuit court to answer said charge until some order had been made on his petition to secure a jury, since that court had been ordered to take no further proceedings during its pendency? We do not understand that he was then under a duty to do so, or that a conditional or other judgment was due to be rendered during the operation of that restraint made by this Court.

Judge Hooten may not have had notice of the restraining order when he entered the conditional forfeiture. The record does not show that he had notice. But the forfeiture is made conditional so as to afford defendant an opportunity to show why he did not appear at the time to answer the charge. In response to the scire facias he did appear and set up as his excuse the order of this Court restraining further proceedings against him operative at the time when the conditional forfeiture was taken. This not being controverted and duly certified, was proof of a good and sufficient excuse for his failure to appear, and instead of the forfeiture being made final, it should have been set aside.

We do not think the appeal should be dismissed on the ground that the final judgment of forfeiture was without the jurisdiction of the circuit court, but that it should be reversed because the record shows as a matter of law a good excuse for not appearing to answer the charge at the time when the conditional judgment was rendered.

Writ awarded judgment of dismissal reversed, and one is here rendered reversing the judgment of the circuit court making the forfeiture final. The conditional forfeiture is also set aside.

Writ awarded: reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.