12 So.2d 77

### Ex parte MOORE et al.

#### 6 Div. 98.

Supreme Court of Alabama.

Dec. 22, 1942.

Rehearing Denied Feb. 18, 1943.

Morel Montgomery, of Birmingham, for petitioner.

FOSTER, Justice.

This is a petition for a writ of mandamus to the Hon. Gardner F. Goodwyn, Judge of the Tenth Judicial Circuit at Bessemer, directing him to set aside a judgment on the forfeiture of a bail bond, in a criminal case where the defendant did not appear.

We understand the judgment to be conditional as provided in section 213, Title 15, Code of 1940. But it does not clearly appear so to be. There is no certified copy of it as recorded on the minutes, but apparently only a docket memorandum of the judge. There must be such a conditional judgment followed by notice, as required by section 214, Title 15, Code of 1940, after which the conditional judgment is either set aside or made absolute in whole or in part. Section 217, Title 15, Code of 1940.

■ This procedure is in the nature of a civil action distinct from the original case, which latter is usually criminal. It leads to a final civil judgment, from which an appeal lies to this court, as in other civil cases. Jones v. City of Opelika, 242 Ala. 24, 4 So.2d 509 (8 and 9); 8 C.J.S., page 214, Bail, § 107.

■ Whether or not the trial court has the legal power to render a conditional judgment, his act of doing so cannot be reviewed by mandamus, if there is other adequate appropriate remedy. Ex parte Wright, 225 Ala. 220, 142 So. 672.

■ Petitioner here relies on the amendment dated October 6, 1942, of the Soldiers' and Sailors' Act of Congress, amending section 103 of the Act of 1940, 50 U.S.C.A.

Appendix § 513, so entitled, prohibiting a court from enforcing a bail bond during the military service of the principal on the bond under certain circumstances there mentioned. That act was approved after the conditional judgment was here rendered. Nothing has been cited to us to show that the court had no power to render it.

Moreover, when the scire facias is served, and it comes on for final hearing under section 217, Code, supra, the parties thus notified will have an opportunity to make a showing under that act. Briggs v. Commonwealth of Kentucky, 185 Ky. 340, 214 S.W. 975, 8 A.L.R. 363. And if the judgment is made final an appeal will lie as in other civil causes. That remedy is adequate and appropriate. Mandamus should not be available at this time to reach the point.

But the Act of October 6, 1942, supra, should not serve to prohibit a conditional judgment from being thereafter rendered so that on a hearing it may be determined whether the principal is entitled to its benefits.

All such questions are due to be determined on a return of the scire facias, when a final judgment will be rendered reviewable by appeal in the usual way as in other civil cases.

Let the writ of mandamus be denied.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.

On Rehearing.

FOSTER, Justice.

Neither the Soldiers' and Sailors' Civil Relief Act of March 1918, 40 Stat., page 443, 50 U.S.C.A.Appendix § 101 et seq., nor the Selective Service Act of May 18, 1917, Chapter 15 (40 Stat. page 76), 50 U.S.C.A. Appendix § 201 et seq., has a provision similar to section 103(3) of the Soldiers' and Sailors' Civil Relief Act of 1942, 50 U. S.C.A. Appendix § 513(3). The latter provision is to the effect that when by reason of the military service of the principal, the sureties upon a criminal bail bond are prevented from enforcing the attendance of their principal, the court shall not enforce the provisions of such bond during the military service of the principal therein. 141 A.L.R. pages 1515, 1516. The Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, did not have in it section 103(3), su-

pra, but that was added into the 1942 Act, supra. The 1942 Act was approved October 6, 1942; the conditional judgment here was rendered September 21, 1942.

The status at that time was as discussed in Briggs v. Commonwealth, 185 Ky. 340, 214 S.W. 975, 8 A.L.R. 363. It was there recognized as sound that if the defendant in a criminal case is drawn into the military service under the Selective Service Act, and was thereby prevented from appearing to answer the criminal charge, a final judgment of forfeiture should not be rendered against the sureties on his bail bond, but that if he was located at a place accessible to the trial, and would have been granted a pass on request to enable him to attend the trial, the final judgment of forfeiture should not be set aside.

The Act of 1942 seems to embody that principle in express language.

 In any event military service must prevent the bondsmen from enforcing the attendance of the principal. This does not follow from the mere circumstance of military service. The service should prevent his attendance on the trial under that act, as well as before it. So that when he does not appear at the time set for trial, a showing may be made for a continuance which appeals to the judicial power of the court not reviewable by mandamus, because its exercise is the result of a finding of certain facts by him, which is otherwise reviewable. He evidently did not find that defendant could not have appeared to answer the charge on account of military service. That would have suggested a continuance even before the Act of 1942, supra. The evidence submitted to the judge here set out does not show that he could not have appeared notwithstanding his induction into the service. We do not think it is the purpose of any of the acts, supra, to prevent a person charged with crime under state law from coming to trial on that charge. But if he is in the service, and a pass is refused by the military authorities, or he is out of the country or so situated otherwise by reason of such service that he cannot reach the trial, the sureties may be in position to claim an inability to produce him to stand the trial. And if the judge finds that an insufficient showing is made, and refuses to continue

the case, the next step is a conditional judgment of forfeiture such as was here rendered. The existence of military service does not prevent the court from rendering such a judgment.

In answer to the rule nisi, the sureties may again make a showing to the effect that they were prevented from producing him because of his military service. If that is done, and the court disagrees with that as the result of the evidence and makes the judgment final, his judgment may be reviewed on appeal with a bill of exceptions. But he has the legal power to take each such step, and the final judgment is reviewable by appeal. The judgment nisi there rendered is not subject to review by mandamus on the contention now made.

We are clear that the writ of mandamus was properly denied, and we therefore overrule the application for rehearing.

Application for rehearing overruled.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.