45 So.2d 318

**MORRIS et al. v. STATE.**

**6 Div. 931.**

Court of Appeals of Alabama.

Jan. 24, 1950.

Rehearing Denied Feb. 28, 1950.

Beddow & Jones, of Birmingham, for appellants.

194

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

William Hugh Morris was imprisoned in the county jail of Jefferson County, Alabama, for contempt of court. His contempt was based on his refusal to testify before the grand jury of said county concerning a specific matter.

Upon the adjournment of the grand jury the contemnor was released from imprisonment when he gave bond with sureties. Title 7, Secs. 455 and 456, Code 1940.

The bond in pertinent part provides:

"The condition of the above obligation is such, that the said Hugh Morris is admitted to bail in the sum of Five Hundred ($500.00) Dollars, conditioned for his appearance before the Grand Jury to be organized July 11, 1949, then and there to give evidence and the truth to speak in said cause in all respects as required by the Court on July 7, 1949, and July 9, 1949 in open Court when the defendant was by the Court adjudged in direct contempt of Court.

"Now, if the said Hugh Morris shall appear and abide by the conditions as heretofore set forth then this obligation to be null and void, otherwise to remain in full force and effect."

When the grand jury reconvened Morris appeared at court, but refused or failed to give the evidence about which the contempt proceedings were concerned. Considerable testimony was taken on the question of his claimed inability to produce the desired evidence. At the conclusion of the hearing, the court entered an order, a part of which we excerpt:

"The evidence offered by the defendant does not reasonably satisfy this Court that he is unable to comply with said order of July 7, and it is hereby Ordered, Adjudged and Decreed that the said Hugh Morris has failed to purge himself of the contempt adjudged against him in July 7, 1949, and has failed to perform the condition of the bond aforesaid and Hugh Morris is accordingly hereby remanded to jail in accordance with the terms and conditions of the order of this Court of July 7, 1949, with the right hereafter to purge himself in accordance with the terms and conditions of said order of July 7, 1949, before the Grand Jury organized July 11, 1949, and with the further right to purge himself in accordance with said order before any regularly organized Grand Jury of Jefferson County, Alabama; and the aforesaid bond is hereby declared forfeited and judgment is hereby rendered thereon in favor of the State of Alabama and against the said Hugh Morris, as principal and Arnold Fuqua and E. H. Schwantes, by T. H. Guthrie, Atty. in fact, as sureties, for Five Hundred Dollars ($500.00), for which let execution issue."

Our task here is to determine whether or not this final judgment is valid in view of the proceedings incident thereto.

The authorities treat the distinction between civil and criminal bail. It is said: "The object of bail in civil cases is either directly or indirectly to secure the payment of a debt or other civil duty, while the object of bail in criminal cases is to secure the appearance of the principal before the court for the purpose of public justice." 6 Am.Jur., Bail and Recognizance, Sec. 3, p. 48.

It is clear that the bail of instant concern comes under the latter classification and is, in effect, an appearance bond.

In brief counsel for appellants states: "Since it affirmatively appears that he did go before the Grand Jury and did give evidence in the cause, no court could declare that he had forfeited his appearance bond

by failing to appear and give evidence in the cause."

We cannot give our assent to this position.

Sections 455 and 456, supra, must be construed in relation to each other. Morris refused to testify before the grand jury concerning a specific matter. The lower court held him in contempt for this refusal, and his imprisonment was ordered. Sec. 455, supra; Gwynn v. State, 64 Miss. 324, 1 So. 237. This action was upheld by the Supreme Court in Ex parte Morris, 252 Ala. 551, 42 So.2d 17.

The provisions and privileges of Sec. 456, supra, were invoked and allowed. The conditions of the recognizance undertaking were that the principal not only appear but that he "give evidence and the truth to speak in said cause in all respects as required by the Court on July 7, 1949, and July 9, 1949 in open Court when the defendant was by the Court adjudged in direct contempt of Court."

It is clear that such a condition is within the contemplation of Sec. 456, supra.

■ To adhere to the indicated position of appellants' counsel would make possible the destruction of the purpose of the contemnor's detention by allowing his release on bail.

■ The authorities are committed to the view that the procedure for the forfeiture of a bail bond is in the nature of a civil action. The final judgment incident thereto is civil. 8 C.J.S., Bail, § 107, page 214; Peck et al. v. State, 63 Ala. 201; Dover et al. v. State, 45 Ala. 244; State v. Parker, 83 Ala. 269, 3 So. 552; Ex parte Moore, 244 Ala. 28, 12 So.2d 77; Jones v. City of Opelika, 242 Ala. 24, 4 So.2d 509.

Article 6 of Chapter 9, Title 15, relates to forfeitures of appearance bonds and the required proceedings thereon. The entire chapter in which Article 6 is included was amended by the 1949 Legislature, Act No. 199, General Acts 1949, p. 230. These amendments do not affect the provisions of the sections in the current code about which our instant review is concerned.

Sec. 217 in Act No. 199, supra, Sec. 213, Title 15 of current code, provides: "When an undertaking of bail is forfeited by the failure of the defendant to appear as required, except when money is deposited instead of bail, a conditional judgment must be rendered by the court in favor of the state, for the use of the proper county, against the parties to the undertaking for the sum thereon expressed."

There follows the form of the conditional judgment.

In the case at bar this mandate of the statute was omitted. The authorities hold that this initial proceeding is a prerequisite to the maintenance of an action on a bail bond. Ex parte Moore, supra; State v. Sorensen et al., 48 Utah 663, 160 P. 1181; Addington et al. v. State, 172 Okl. 61, 44 P.2d 131.

■ Sec. 218 in the amending act, Sec. 214, Title 15 of current code, requires that the clerk of the court issue to each defendant a scire facias or notice of the conditional judgment. The form to be used is set out in the statute. This prerequisite leading to the final judgment was not followed in the instant case.

"Scire facias as a general rule is a proper remedy for enforcing a criminal bail bond or recognizance which has been forfeited. Scire facias against bail has many of the characteristics of the commencement of a new action; its purpose being to notify the principal and sureties of the forfeiture and to give them an opportunity to show cause why judgment should not be entered and execution issue." 8 C.J.S., Bail, § 95, page 191.

See also, Walker v. Commonwealth, 144 Va. 648, 131 S.E. 230; People v. Wascher, 263 Ill.App. 614; Id., 349 Ill. 114, 181 N.E. 606; State v. Simmons, 284 Mo. 664, 225 S.W. 958.

The office of the writ of scire facias is to give the principal and sureties to the bond notice of the default and forfeiture. To make the conditional judgment final and absolute without notice would be depriving the parties, against whom the judgment was rendered, of the right of the due process of the law.

■ The courts hold that, in respect to the recitations of the scire facias, there

must not be a substantial variance from those of the conditional judgment.

In the case of Gwynn v. State, supra, the court held that there was a fatal variance between the conditional judgment and the scire facias. The opinion points out that the judgment nisi is for a failure of the principal to appear and testify before the grand jury, as he was bound to do by his recognizance, while the scire facias recites that a judgment had been entered against him for a failure to answer the State of Mississippi on a charge preferred against him. See also, Dover v. State, supra; Fitzgerald et al. v. State, 88 Tex.Cr.R. 268, 225 S.W. 1096.

Secs. 219 and 220 in the amending act, Secs. 215 and 216, Title 15 of current code, stipulate the requirement and manner of executing the notice or service of the scire facias and what amounts to the equivalent of personal service.

■ It follows that personal service (or its equivalent) of the scire facias must be had on the principal and each of the sureties before the conditional judgment can be made absolute as provided under Sec. 221 in the amending act, Sec. 217, Title 15 of the current code.

"There must be such a conditional judgment *followed by notice,* as required by section 214, Title 15, Code of 1940, after which the conditional judgment is either set aside or made absolute in whole or in part. Section 217, Title 15, Code of 1940." (Emphasis ours.) Ex parte Moore, supra. [244 Ala. 28, 12 So.2d 77]. See also, People v. Page, 100 Cal.App. 252, 279 P. 1059; Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078; Saunders et al. v. State, 86 Tex.Cr.R. 413, 217 S.W. 148; Wilkes et al. v. State, 100 Tex.Cr.R. 577, 272 S.W. 194; Hunt v. State, 63 Ala. 196.

The required proceedings were not followed in the case at bar. It follows that the final judgment upon which this appeal is based is invalid. The judgment of the court below is, therefore, ordered reversed and the cause is remanded.

Reversed and remanded.