Toy Jefferson CUMBIE et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 35673.

Court of Criminal Appeals of Texas.

May 8, 1963.

———◆———

Lloyd W. Westerlage, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Toy Jefferson Cumbie, the principal, appealed to this Court from a conviction for drunk driving, and on May 18, 1959, with the appellants Fred Lozano and Freddie Lozano as his sureties, entered into a recognizance bond in the sum of $500.

The judgment was affirmed and mandate issued, and Cumbie not having appeared and the sheriff being unable to locate him so that capias could be served, the trial court on January 5, 1960, entered judgment nisi forfeiting the recognizance.

More than two years later, scire facias having issued, the appellants herein filed answer alleging that Cumbie was a member of the Armed Services of the United States and was "now stationed in Germany." They invoked the Soldiers' and Sailors' Relief Act, praying that the action be abated until such time as the principal is restored to civilian status. The state excepted to said plea on the ground that military service alone was insufficient, and there was no showing that a proper effort had been made by the sureties to secure Cumbie's attendance.

After hearing, judgment was entered on September 28, 1962, making final the judgment nisi.

Appeal was perfected by the sureties, and supersedeas bond was given and approved with M. E. Fields and E. Coley Sullivan as sureties.

The Soldiers' and Sailors' Civil Relief Act (Title 50 U.S.C.A. Appendix, § 513(3) provides:

"Whenever, by reason of the military service of a principal upon a criminal bail bond the sureties upon such bond *are prevented* from enforcing the attendance of their principal and performing the obligation the court shall not enforce the provisions of such bond *during the military service of the principal thereon* and may in accordance with the principles of equity and justice either during or after such service discharge such sureties and exonerate the bail."

■ A showing that Cumbie was in the military service when the judgment nisi was entered, standing alone, was insufficient to invoke relief under said act. The sureties were under the necessity of also showing some unsuccessful effort to secure Cumbie's appearance before the court to satisfy the judgment of conviction, and that his active military service prevented his appearance.

People v. Walling, 195 Cal.App.2d 640, 16 Cal.Rptr. 70; People v. Continental Casualty Co., 284 App.Div. 944, 134 N.Y.S.

2d 742; State v. Benedict, 234 Iowa 1178, 15 N.W.2d 248; Ex parte Moore, 244 Ala. 28, 12 So.2d 77.

We note further that there is no showing in the record that Cumbie entered the military services other than by voluntary enlistment. On the other hand, a statement from the military authorities which the appellants attached to a belatedly filed motion for new trial certifies that Cumbie departed the United States on December 16, 1960 and re-enlisted on November 28, 1961.

"The surety on a bail bond is not discharged by the voluntary enlistment of the defendant in the military or naval service * * *" American Law Institute Committee on Security, Permanent Edition, Sec. 211.

The judgment of the trial court is affirmed.

 Appellants having superseded the judgment by supersedeas bond, judgment is rendered against the sureties on said supersedeas bond for the performance of the judgment herein affirmed.